## BACON v. CHRISTIAN.

[No. 22,925.   Filed February 25, 1916.]

1. PARTNERSHIP.—*Existence of Relation.—Evidence.*—To establish the partnership relation as between the parties, there must be a voluntary contract of association for the purpose of sharing the profits and losses, as such, arising from the use of the capital, labor or skill in a common enterprise, and an intention on the part of the principals to form a partnership for that purpose; and, since the intent deemed essential is an intent to do those things which constitute a partnership, the existence of such intent gives rise to a partnership though the parties may have purposed to avoid the liability attaching to partners or even expressly stipulated in their agreement that they were not to become partners.   p. 520.

2. PARTNERSHIP.—*Existence of Relation.—Intent.*—Where it appears that the parties intended between themselves that there should be a community of interest of both the property and profits of a common business or venture, the law will regard it as their intention to become partners, in the absence of other controlling facts.   p. 522.

3. PARTNERSHIP.—*Existence of Relation.*—Where plaintiff and defendant agreed to merge their separate business enterprises and to form a corporation to carry on same, each to receive one-half of the capital stock, and pursuant to such agreement they merged their business enterprises without incorporating, and operated the same for some time as a joint venture, the court was warranted in finding that in law a partnership existed between the parties, and it was immaterial that one of the parties had not contributed his agreed share of the partnership funds, in view of the fact that he exercised the rights of a proprietor over the assets which the firm in fact possessed.   p. 522.

4. APPEAL.—*Review.—Findings.—Conclusiveness.*—The amount of recovery in a partner's action for an accounting will not be disturbed where the record shows numerous transactions between the parties as to some of which the evidence was conflicting, and it does not appear what items were included in the balance found due.   p. 523.

From Superior Court of Marion County (83,236); *John J. Rochford*, Judge.

Action by Thomas J. Christian against Charles S. Bacon. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)   *Affirmed.*

*Edgar A. Brown, James E. Kepperly* and *J. Olias Vanier*, for appellant.

*Joseph B. Kealing* and *Martin M. Hugg*, for appellee.

SPENCER, J.—For some time prior to April 5, 1910, appellant and appellee were the owners respectively of the Bacon Lumber Company and the A. S. McIlvaine Lumber Company, and on that date they entered into the following written contract with reference thereto:

"This agreement made and entered into this 5th day of April, A. D., 1910, by and between Thomas J. Christian of Indianapolis, Indiana, and Chas. S. Bacon of Grand Rapids, Michigan, Witnesseth: Whereas it is the intention to merge the business now carried on under the name of the A. S. McIlvaine Lumber Company and the Bacon Lumber Company into a corporation with a capital stock of ten thousand ($10,000) dollars, to be incorporated under the laws of the State of Indiana, and Whereas it is agreed and understood that there is to be issued to said Thomas J. Christian, or to whom he may direct, one-half of the above mentioned capital stock, and to said Chas. S. Bacon, or to whom he may direct, one-half of the above mentioned capital stock. Now, therefore, in consideration of the mutual agreements hereinafter contained, the said Christian agrees to purchase one-half of said capital stock for the sum of twenty-five hundred ($2,-500) dollars, and the said Bacon agrees to purchase the remaining one-half of said capital stock for the sum of twenty-five hundred ($2,500) dollars; that to purchase said stock the parties have arranged with the Union National Bank, of Indianapolis, Indiana, to loan to them the sum of five thousand ($5,000) dollars upon the individual endorsement and suretyship of said Christian, the parties to be

severally liable as between themselves, for one-half only of the said five thousand ($5,000) dollars; that in order to protect, indemnify and hold harmless the said Christian for the one-half of said five thousand ($5,000) dollars for which as between themselves the said Bacon shall be solely liable, and to protect, indemnify and hold the said Christian harmless upon his endorsement and suretyship upon said loan by said Union National Bank, the said Bacon agrees to execute to said Christian a non-interest bearing note for the sum of twenty-five hundred ($2,500) dollars; that said sum so loaned by said bank shall be used exclusively as the capital of said corporation when incorporated, and until then to be used as the capital of the business to be conducted by the parties hereto and for no other purpose. It is further agreed that said Bacon shall pledge his stock in said corporation to said Christian as a protection and indemnity upon his liability upon said loan. It is further agreed that the money so advanced and loaned to the parties shall be held and used in accordance with the agreement with the Union National Bank by the parties hereto. In Witness Whereof," etc.

The corporation which was contemplated under the terms of the above agreement was never incorporated, but the parties thereafter engaged in the business of buying and selling lumber under the name and style of the Bacon-McIlvaine Lumber Company, and continued in such business until about November 15, 1910, when they agreed to settle up the affairs of the concern and dispose of its assets. In this action for an accounting between the parties appellee alleges that he advanced a considerable sum of money for the conduct of the business in question, but that appellant did not contribute any part of the amount agreed on to be contributed by him; also that both parties withdrew for personal

use certain sums out of the capital and assets of the firm. Trial, finding and judgment for appellee that he is entitled to recover from appellant the balance found due and owing on the accounting had by the court of the affairs of the alleged partnership.

In prosecuting this appeal from said judgment appellant takes the position that the evidence fails to show the existence of a partnership, and contends (1) that the mutual assent of the partners is necessary to create the relation; and (2) that neither a naked agreement to form a partnership nor the advancement by one party of his agreed share of the capital is sufficient to establish a partnership in fact.

Preliminary to a consideration of these propositions, however, it is important to determine, in general, the nature of the partnership relation and to ascertain its essential elements. Jurists and 1. text-writers agree that an accurate and comprehensive definition of a partnership has not been stated; that the lines of demarcation which distinguish a partnership from other joint interests on the one hand and from an agency on the other, are so fine as to render approximate rather than exhaustive any attempt to define the relation. This fact is apparent in the numerous tests which have been offered for determining the existence of a partnership and in the criticism to which many of such tests have been subjected. To quote from the case of *Meehan* v. *Valentine* (1892), 145 U. S. 611, 623, 12 Sup. Ct. 972, 36 L. Ed. 835, "it may perhaps be doubted whether any more precise general rule can be laid down than * * * that those persons are partners who contribute either property or money to carry on a joint business for their common benefit, and who own and share the profits thereof in certain proportions." And even this definition, it

will be noted, fails to include the contribution by one or more partners, not of property or money, but of labor or skill in the conduct of the common enterprise. The principal inquiry in a given case, however, is not so much, What is a partnership? as whether, under the facts at bar, there is a partnership liability, and definitions are of value in the solution of such questions only in so far as they suggest tests to be applied. These tests vary to some degree in different jurisdictions but for the purposes of this case it is necessary only to consider the expressions of the courts of Indiana. In the case of *Hubbell* v. *Woolf* (1860), 15 Ind. 204, 209, this court said: "It is an established principle of the common law, that a partnership can commence only by the voluntary contract of the parties." In *Bond* v. *May* (1906), 38 Ind. App. 396, 402, 78 N. E. 260, this language is used: "To be a partner one must have an interest with another in the profits of a business, as profits. There must be a voluntary contract to carry on a business with intention of the parties to share the profits as common owners thereof." See, also, *Macy* v. *Combs* (1860), 15 Ind. 469, 77 Am. Dec. 103; *Breinig* v. *Sparrow* (1907), 39 Ind. App. 455, 461, 80 N. E. 37. From these, and other expressions of similar import, it is apparent that to establish the partnership relation, as between the parties, there must be (1) a voluntary contract of association for the purpose of sharing the profits and losses, as such, which may arise from the use of capital, labor or skill in a common enterprise; and (2) an intention on the part of the principals to form a partnership for that purpose. But it must be borne in mind, however, that the intent, the existence of which is deemed essential, is an intent to do those things which constitute a partnership. Hence, if such an intent exists, the parties

will be partners notwithstanding that they purposed to avoid the liability attaching to partners or even expressly stipulated in their agreement that they were not to become partners. *Breinig* v. *Sparrow, supra,* 460; 30 Cyc 360, and cases cited.

It is the substance, and not the name of the arrangement between them, which determines their legal relation toward each other, and if, from a consideration of all the facts and circumstances, it appears that the parties intended, between themselves, that there should be a community of interest of both the property and profits of a common business or venture, the law treats it as their intention to become partners, in the absence of other controlling facts. So, in the case at bar, although the parties originally may have purposed to form a corporation, it is undisputed that no effort was made to carry out that part of their agreement. The evidence does show, however, that pursuant to their contract to merge their business appellant and appellee organized and contributed to a joint venture and operated the same for a period of several months. There is some dispute as to the rights of proprietorship therein which were asserted by either party but, considered as a whole, the evidence is sufficient, under the rules above stated, to sustain the finding of the trial court that in law a partnership existed between the parties. The fact that one of the parties failed to contribute any or all of his agreed share of the partnership funds is not material where, as in this case, the evidence is sufficient to sustain a finding that he exercised the rights of a proprietor over the assets which the firm in fact possessed. *Leonard* v. *Boyd* (1903), 24 Ky. L. Rep. 1320, 71 S. W. 508. Our conclusions above stated are sufficient to show without further discussion that the propositions stated by appellant, in so

far as they are applicable to this case, do not con-
flict with the decision of the trial court.

It is further contended that the amount of recovery
is too large, even if the existence of the partner-
ship be conceded.   We can not sustain this
4.   contention.   Numerous transactions between
the parties and with reference to the business
conducted by them were considered in the account-
ing had by the trial court and on some of these the
evidence was in conflict.   Just what items were in-
cluded in the balance found due appellee is not ap-
parent from the record and we can not weigh the
testimony concerning the same.   Judgment affirmed.

Note.—Reported in 111 N. E. 628.   As to the nature and essen-
tials of the partnership relation, see 115 Am. St. 401.   As to effect
of agreement to share profits to create a partnership, see 18 L. R. A.
(N. S.) 963.   As to evidence of general reputation to prove partner-
ship, see 4 Ann. Cas. 817.   See, also, under (1) 30 Cyc 352, 360; (2)
30 Cyc 360, 367; (3) 30 Cyc 367; (4) 4 C. J. 894; 3 Cyc 380.