## DRISCOLL v. SULLIVAN.

[No. 22,735. Filed March 14, 1917.]

1. PARTNERSHIP.—*Action for an Accounting.—Complaint.—Sufficiency.*—In an action between partners for an accounting, where there was nothing in the partnership agreement, as set out in the complaint, showing that plaintiff's participation in the profits of the undertaking was in any way dependent on his personal attention to the work, allegations contained in the complaint that his absence on account of illness caused no loss to the partnership or injury to the work are sufficient to show performance of the conditions of the partnership agreement. p. 180.

2. PARTNERSHIP.—*Existence of Relation.—Evidence.—Agreement.*—Where it appeared, in an action between partners for an accounting, that defendant had a contract to lay a pipe line and, in order to complete it, borrowed money from plaintiff, and that subsequently a written agreement was entered into containing recitals to the effect that, as the parties had agreed to enter into a partnership as contractors to carry out defendant's contract, they agreed to share profits and losses in the proportions and manner specified, such agreement was sufficient to create a partnership between the parties, although it contained a provision that the agreement was entered into for the sole purpose of determining the division of profit and losses between the parties. p. 183.

3. PARTNERSHIP.—*Existence of Agreement.—Intent.*—To establish the partnership relation as between the parties, there must be a voluntary contract of association for the purpose of sharing profits and losses, as such, arising from the use of capital, labor or skill in a common enterprise, and an intention on the part of the principals to form a partnership for that purpose; and, since the intent deemed essential is an intent to do those things constituting a partnership where such an intent exists, the parties will be partners though they purposed to avoid the

liabilities attaching to the relationship or even expressly stipu-
lated in their agreement that they were not to become partners.
p. 183.

4.   PARTNERSHIP.—*Existence of Relation.*—*Intent.*—In determin-
ing the existence of the partnership relation, where it appears
that the parties intended between themselves that there should
be a community of interest of both the property and profits of
a common business or venture, the law treats it as their inten-
tion to become partners, in the absence of other controlling
facts.   p. 183.

5.   ACCORD AND SATISFACTION.—*Compromise and Settlement.*—
*Payment of Liquidated Amount.*—*Unliquidated Claims.*—The
payment by a debtor of a liquidated amount presently due, and
to which he has no good-faith defense, is not alone a sufficient
consideration to sustain a release by the creditor of other un-
liquidated claims against the debtor.   p. 184.

6. · APPEAL.—*Review.*—*Evidence.*—*Scope of Review.*—Where a
question of fact has been determined by the trial court, its
conclusion will not be reviewed except to ascertain that it is
supported by the record.   p. 184.

From Hancock Circuit Court; *Earl Sample,* Judge.

Action by John L. Sullivan against Timothy J. Dris-
coll.   From a judgment for plaintiff, the defendant ap-
peals.   *Affirmed.*

*Abram Simmons, Charles G. Dailey* and *John J. Kelly,*
for appellant.

*Edward Temper, Ryan & Ruckelhaus* and *Cook &
Walker,* for appellee.

SPENCER, J.—Appellee instituted this action against
appellant and one Conners to recover his share of the
profits of a special partnership between the parties.
His complaint alleges that this partnership was organ-
ized by oral agreement in February, 1912, for the pur-
pose of securing a contract with The Canadian Western
Oil & Gas Company, Ltd., to dig a trench on properties
of said company in the Province of Alberta, Canada,
eighty miles in length and sufficient in size to receive
and hold a ten-inch gas main, which main was also
to be laid and covered; that pursuant to said oral agree-
ment, in the month of March, 1912, the partnership

entered into a written contract with the oil and gas company to excavate said trench and to lay and cover the eighty miles of mains, and thereafter fully carried out the provisions of the written contract and performed the work to be done thereunder; that shortly before the work of digging the trench and laying the pipe therein was completed, appellee was taken sick and compelled to return to his home in Muncie, Indiana, but left a competent employe to do the work in which he was engaged, so that the same did not suffer by reason of his absence and the partnership sustained no loss on account thereof.  The complaint contains other allegations as to the moneys advanced and interests held by the several parties under the partnership agreement, the method of bookkeeping employed by the firm, and the profits derived from the work in hand; but these averments do not affect the questions presented as to the sufficiency of the pleading and need not here receive consideration in detail.

In support of his assertion that the trial court erred in overruling his demurrer to appellee's complaint, appellant contends that the pleading is insufficient:

1.    (1) for its failure to allege that appellee performed all the conditions of the partnership agreement on his part to be performed, and (2) on account of its omission to state a sufficient excuse for not carrying out his part of the contract.

To quote from *Thomas* v. *Hollingsworth* (1913), 181 Ind. 411, at page 414, (103 N. E. 840): "Where two or more persons form a partnership for the purpose of acting together in a single transaction, as in this case, and that transaction is fully closed before the suit is brought so that nothing remains but the division of the partnership assets, there is a termination of the partnership which will authorize one partner to maintain a suit in equity for an accounting against another

partner who has appropriated or is threatening to appropriate the firm assets." Whether, under some circumstances, the plaintiff in an action of this character must show that he has fully performed all of the obligations placed on him by the partnership agreement is a question we need not here decide. In the present case it is certain that appellee's complaint is sufficient to entitle him to relief. There is nothing in the partnership agreement as set out in the complaint which even tends to show that appellee's participation in the profits of the undertaking is in any way dependent on his personal attention to the work in hand, and he expressly alleges that his absence therefrom, shortly before the contract was completed, caused no loss to the partnership or injury to the work. The demurrer admits the truth of each averment in the pleading and was properly overruled.

The remaining questions presented for decision depend primarily on a consideration of appellant's contention that no partnership in fact existed between the parties; that the contract with the oil and gas company belonged to appellant personally; and that in order to carry out its provisions he borrowed money from appellee with which, in part, to finance the undertaking, and employed him to assist in the work. It is conceded that in return for his services so rendered appellee was to receive a fixed part of the profits, if any, and that the agreement between the parties, in so far as it related to the matter of compensation, was afterwards reduced to writing, as follows:

"MEMORANDUM OF AGREEMENT made in triplicate this 30th day of March, A. D. 1912.

BETWEEN: TIMOTHY J. DRISCOLL, now of the City of Lethbridge, in the Province of Alberta, Contractor, of the First Part, and PATRICK C. CONNERS, now of the said City of Letherbridge, Contractor, of the Second Part, and JOHN L. SULLIVAN,

now of the said City of Lethbridge, formerly of Munsey, in the State of Indiana, United States of America, of the Third Part.

WHEREAS the party of the first part by agreement in writing dated the 10th day of February, 1912, entered into a contract with the Canadian Western Natural Gas, Light, Heat and Power Company, Limited, to construct for the said Company a main pipe line from a point at or near Bow Island in the said Province to a point at or near the town of Monarch in said Province for the purpose of conducting or transporting natural gas,

AND WHEREAS the said parties to this agreement have mutually agreed to enter into a partnership as Contractors for the purpose of carrying out and performing the construction work mentioned in the said contract with the above mentioned company, and for that particular venture only,

AND WHEREAS all of the said parties to this agreement consider it advisable to enter into an agreement in writing in respect to the apportionment of profits and loss as between each of the parties hereto, respectively, in respect to the said partnership agreement.

NOW THIS AGREEMENT WITNESSETH that in consideration of mutual benefit and of various sums of money contributed to the said partnership by the parties hereto, respectively, it is hereby expressly agreed and understood that the profits of the partnership business shall be divided between the partners as follows, namely; To the said TIMOTHY J. DRISCOLL nine (9) equal sixteenth parts thereof, and to the said PATRICK C. CONNERS four (4) equal sixteenth parts thereof, and to the said JOHN L. SULLIVAN the remaining three (3) equal sixteenth parts thereof; and all expenses and losses incurred in carrying on the partnership business shall be paid out of the earnings, and if they shall be insufficient, the deficiency shall be made up by the partners in the shares or proportions in which they are entitled to the profits of the business as aforesaid.

AND IT IS HEREBY FURTHER EXPRESSLY AGREED AND UNDERSTOOD that this agreement is entered into for the sole purpose of determining the division of the profits and losses amongst the parties hereto

as aforesaid, and for no other purpose, and this agreement shall not in any way affect or concern the aforesaid partnership business except insofar as it is hereby expressed and intended to affect the said partnership agreement.

THIS AGREEMENT shall inure to the benefit of and be binding upon the parties hereto, their heirs, executors, administrators and assigns, respectively.

IN WITNESS WHEREOF," etc.

In view of this instrument and of oral evidence supplementary thereto and corroborative thereof, it is idle to contend that the decision of the trial court that a partnership existed is not sustained by the record. As was decided in *Bacon* v. *Christian* (1915), 184 Ind. 517, 521, 111 N. E. 628, "to establish the partnership relation, as between the parties, there must be (1) a voluntary contract of association for the purpose of sharing the profits and losses, as such, which may arise from the use of capital, labor or skill in a common enterprise; and (2) an intention on the part of the principals to form a partnership for that purpose. But it must be borne in mind, however, that the intent, the existence of which is deemed essential, is an intent to do those things which constitute a partnership. Hence, if such an intent exists, the parties will be partners notwithstanding that they purposed to avoid the liability attaching to partners or even expressly stipulated in their agreement that they were not to become partners. (Authorities.) It is the substance, and not the name of the arrangement between them, which determines their legal relation toward each other, and if, from a consideration of all the facts and circumstances, it appears that the parties intended, between themselves, that there should be a community of interest of both the property and profits of a common business or venture,

the law treats it as their intention to become partners, in the absence of other controlling facts." There are no such facts in this case.

But appellant contends that, even though the existence of a partnership be determined, it further appears from the evidence (1) that the contract between the parties was abandoned by appellee and their agreement rescinded, and (2) that their differences were fully adjusted prior to the institution of this action by the payment to appellee of the sum of $3,771.75, which was accepted and retained by him and operated as an accord and satisfaction. In connection with the latter assertion, it must be borne in mind that payment

5. by a debtor of a liquidated amount, presently due, and to which he has no defense that can be urged in good faith or with color of right, is not, by itself, a sufficient consideration to sustain a release by the creditor of other unliquidated claims against the debtor. *Stone* v. *Lewman* (1867), 28 Ind. 97, 99; *Bright* v. *Coffman* (1860), 15 Ind. 371, 77 Am. Dec. 96.

The payment which is above referred to was made by draft enclosed in a statement prepared by appellant and mailed to appellee. This statement enumerated

6. the various sums advanced to and withdrawn from the working capital of the firm by appellee, but included no reference to the disputed claim to an interest in the profits of the undertaking, and serves rather to sustain the evident finding of the court that the payment was not made in final adjustment of the differences between the parties. In brief, this issue, as well as each of the others above mentioned, presented a question of fact which has been determined by the trial court adversely to appellant's contention. We may not review this determination further than to see that it finds support in the record, and this we have done.

From a consideration of the record as a whole it is

apparent that the decision of the trial court represents substantial justice between the parties and, no material error appearing, the judgment is affirmed.

NOTE.—Reported in 115 N. E. 331. Partnership: (a) effect of agreement to share profits to create the relation, 18 L. R. A. (N. S.) 963; (b) agreement to share losses as essential to existence of relation, Ann. Cas. 1913 B 1335; (c) intent as essential to creation of relation, Ann. Cas. 1916 E 440. See under (2) 30 Cyc 413; (3) 30 Cyc 360, 361.