## KOPPA v. YOCKEY.

### [No. 10,942.   Filed June 29, 1921.]

1.   PARTNERSHIP. — *Negligence.* — *Liability.* — A partnership is liable in damages for the negligence of each of its members in conducting the partnership business, as each member, while so engaged, is the agent of the firm.   p. 221.

2.   PARTNERSHIP.—*Torts.*—*Liability.*—The test of partnership liability for the wrong of a partner is whether the wrongful act was committed in behalf of and within the reasonable scope of the partnership business, and, in event that it was, all of the partners are liable as joint tort-feasors, the liability of a partner not being dependent on his personal wrong.   p. 221.

3.   PARTNERSHIP.—*Existence of Relation.*—*Requisites.*—*Division of Profits.*—The requisites of a partnership are that the parties

must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits. p. 221.

4. PARTNERSHIP.—*Existence of Relation.*—*Agreement for Division of Profits.*—Two parties to a contract to clean a ditch pursuant to a contract entered into by one of them with a township trustee, the agreement between such parties providing for an equal division of the profits, were partners, and, though the contract with the trustee was taken in the name of one only, it was, as between them, the contract of both. p. 222.

5. PARTNERSHIP.—*Contract.*—*Requisites.*—*Liability for Losses.*—A contract creating a partnership need not specifically provide that the parties shall share the losses. p. 222.

6. PARTNERSHIP.—*Agreement to Share Profits.*—*Losses.*—*Liability.*—Where it is stipulated in a partnership agreement that the parties are to share the profits, it follows as a legal consequence that they must share the losses. p. 222.

7. PARTNERSHIP.—*Scope.*—A partnership may exist for a single transaction, adventure or undertaking. p. 222.

From Pulaski Circuit Court; *William C. Pentecost,* Judge.

Action by Lloyd Yockey against Milo Koppa and another. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*Burson & Burson,* for appellant.

*Nye & Nye,* for appellee.

REMY, J.—This is an action by appellee against appellant and one Frederick Lau to recover damages for personal injuries. It is averred in the complaint that at the time appellee received the injuries complained of, defendants were jointly engaged in cleaning a certain public ditch; that appellee was in the employ of defendants, and was assisting them in the work of cleaning the ditch, and that his injuries were caused by the negligent acts of appellant who at the time was directing the work. Each of the defendants filed a separate answer in denial; and appellant filed a special answer, the material facts of which were, in substance, as fol-

lows: Defendant Lau had entered into a contract with a certain township trustee to repair and clean the ditch; that before the work called for by the contract had been begun, Lau and appellant entered into an agreement by the terms of which each was to assist in the work of cleaning the ditch, and each was to furnish a man and team; that when the work was accepted and paid for by the trustee, the profits of the contract were to be equally divided between them; that appellee was the man employed by appellant, in accordance with the terms of the agreement, to assist in doing the work; that, at a certain time during the progress of the work, appellant and appellee were working together at a certain point in the ditch, while Lau, at another point on the ditch was doing other work called for by the contract made with the trustee; that at the time appellee, in compliance with orders of appellant, left the work he was doing, and went to assist Lau; that while assisting in the work on the ditch over which Lau at the time had immediate charge, appellee, by reason of the negligent act of Lau, received the injuries of which complaint is made.

There was a trial by jury resulting in a verdict and judgment for appellee against both the defendants. The action of the court in overruling a motion for a new trial is the only error assigned. Lau did not join in the appeal.

The evidence is without conflict, and shows the facts to be substantially as set forth in appellant's second paragraph of answer. The only reason for a new trial presented is as to the sufficiency of the evidence. It is appellant's contention that appellee's injuries are the result of the negligence of Lau for which appellant is in no way liable.

It is fundamental in the law of partnership, that each of the partners, while engaged in the prosecution of

the partnership business, is the agent of the firm; and it necessarily follows that a partnership is liable in damages for the negligence of each of its members in conducting the partnership business. *Hess* v. *Lowrey* (1890), 122 Ind. 225, 23 N. E. 156, 7 L. R. A. 90, 17 Am. St. 355. The liability of a partner is not dependent upon the personal wrong of such partner. The test of liability is based on the determination of the question whether the wrong was committed in behalf of, and within the reasonable scope of, the partnership business. If the wrong was so committed, all of the partners are liable as joint tort-feasors. *In re Peck* (1912), 206 N. Y. 55, 99 N. E. 258, 41 L. R. A. (N. S.) 1223, Ann. Cas. 1914A 798; *Van Horn* v. *Simpson* (1915), 35 S. D. 640, 153 N. W. 883, 11 N. C. C. A. 779.

The one question, therefore, involved in this appeal is whether or not, at the time appellee was injured, the relation of partnership existed between appellant and Lau. In a well considered opinion of this court (*Bradley* v. *Ely* [1900], 24 Ind. App. 2, 56 N. E. 44, 79 Am. St. 251), it is stated that: "The ultimate and conclusive test of a partnership is the co-ownership of the profits of the business." And, as was said by Justice Gray for the United States Supreme Court in the case of *Meehan* v. *Valentine* (1892), 145 U. S. 611, 12 Sup. Ct. 973, 36 L. Ed. 835: "The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits." To the same effect, see *Bacon* v. *Christian* (1916), 184 Ind. 517, 521, 111 N. E. 628.

Measured by these tests, it is clear that Lau and appellant were partners; for under their agreement the

contract with the trustees, though taken in the
4. name of Lau, became, as between them, the contract of both, and the profits therefrom were to be shared equally.

It is not the law, as contended by appellant, that a contract creating a partnership must specifically provide that the parties thereto shall share the
5, 6. losses. *Leeds* v. *Townsend* (1907), 228 Ill. 451, 81 N. E. 1069, 13 L. R. A. (N. S.) 191. Where, as in the case at bar, it is stipulated in the agreement that the parties are to share the profits, and nothing is said as to losses, it follows as a legal consequence that they must share the losses. *Miller* v. *Hughes* (1818), 1 A. K. Marsh (Ky.) 181, 10 Am. Dec. 719; 20 R. C. L. 826. It has many times been held
7. by the courts, and is the law, that a partnership may exist for a single transaction, venture or undertaking. *Solomon* v. *Solomon* (1847), 2 Ga. 18; 20 R. C. L. 846.

The verdict of the jury is sustained by the evidence. Affirmed.