### UNITED STATES CASUALTY COMPANY *v.* VINSON, EXECUTRIX.

[No. 12,167.   Filed October 8, 1925.]

1. INSURANCE.—*Receipts for payments due under an accident policy not release and discharge of liability where there was no settlement and receipts were fraudulently procured.*—Receipts executed at the times of receiving payments due under the terms of an accident policy did not constitute a release and discharge of the company where there was no compromise or settlement of the liability on the policy and no surrender thereof, but the insured was fraudulently induced to sign such receipts by the representation that they were not to be considered as releases but merely as receipts for the respective amounts paid (*Painter* v. *Massachusetts, etc., Ins. Co.*, 77 Ind. App. 34, distinguished).   p. 476.

2. INSURANCE.—*Payment of amount due under policy is no consideration for release of unliquidated liability on the policy.*—Payment of amount admittedly due under the terms of an accident policy is not a sufficient consideration for the release of an unliquidated liability on the policy.   p. 476.

3. INSURANCE.—*Making payments to insured without proof of loss waives same.*—Making payments to insured under the terms of an accident policy without requiring proof of loss waives such proof.   p. 477.

From Marion Superior Court (A 22,107); *Clinton H. Givan*, Judge.

Action by Helen M. Vinson, executrix, against the United States Casualty Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Turner, Adams, Merrell & Locke*, for appellant.
*John W. Bowlus*, for appellee.

NICHOLS, J.—Action on an insurance policy written by appellant for Frank J. Vinson, whereby, for a consideration, it agreed to pay him conditionally, certain benefits for bodily injury resulting solely through external, violent and accidental means. He, and after his death, his wife, appellee, sought to recover under said contract on account of injuries received by him.

There was a trial by the court and special findings of facts and conclusions of law in favor of appellee and that she was entitled to recover from appellant $1,617.66. Thereafter, appellant's motion for new trial was overruled, and judgment was rendered against it, from which this appeal.

The errors relied upon for reversal are: The action of the court in overruling appellant's motion for new trial and that the court erred in its conclusions of law. By its special findings of fact, the court found that on September 17, 1919, appellant issued its policy of insurance to appellee's decedent, covering accident and providing for the payment of $50 weekly indemnity for total disability and $25 per week for partial disability.

On December 13, 1921, he was injured by falling off of the back steps of his home on Illinois street, in Indianapolis, and was wholly disabled from following his vocation as traveling salesman from said date until December 19, 1922, and was entitled to recover $50 per week during said time amounting to the sum of $2,000; that he was partially disabled from December 20, 1922, or fifty-two weeks at $25 per week amounting to $1,300 or a grand total of both in the sum of $3,300. That said company paid him, from time to time, the amount of $1,682.34 leaving balance due him of $1,617.66. At the time of each payment, he signed a receipt for the amount received at such time, which receipts were only evidence of the amount paid. While said receipts contained the word "release," he at no time consented to sign anything

which would release appellant from further payment, and, on each occasion, stated to the agent of appellant that it was to be understood that the papers signed by him were to be in no way a release, and that he expected to hold appellant for whatever amount the policy provided for; and that the agent of appellant on such occasion falsely and with intent to defraud him stated to him that it was not to be considered in any way as a release but only a receipt for the amount so paid, and any receipt signed by him was so done by him at the time they were so executed with the belief that such agent was telling him the truth and not attempting to defraud him. All proofs of loss required by appellant were either furnished by him or waived by it. There never was any compromise of his claim and the policy was never surrendered to the company.

As conclusions of law upon the facts, the court stated that the law was with appellee, and she was entitled to recover from appellant $1,617.66 and her costs.

The court also found that, since the date of trial, said Vinson died and that subsequently, his widow, appellee, was duly appointed and qualified as executrix of his estate and was duly substituted by the court as plaintiff.

Presenting that the evidence does not sustain the special findings of the court, appellant contends that the evidence does not sustain the finding that there 1, 2. was a balance due of $1,617.66, for the reason that, at each time payment was made to appellee's decedent under the terms of the policy, he signed a written release completely discharging appellant from all liability up to the time of payment, that, at each time, he received the full amount of the money specified in the release, and that none of the money so received was ever returned to appellant. But, it must be observed that the court expressly finds that appellee's decedent at no time consented to sign anything which

would release appellant from further payment, and that, on each occasion, he stated to the agent making payment that it was to be understood that the papers signed by him were to be in no way a release, and that he expected to hold the company for whatever amount the policy provided for; that the agent fraudulently induced him to sign the paper by representing that it was not to be considered in any way as a release, but a receipt only for the amount paid. There is ample evidence to sustain this finding. The case is clearly distinguished from *Painter* v. *Massachusetts, etc., Ins. Co.* (1921), 77 Ind. App. 34, 133 N. E. 20, and other cases upon which appellant relies. Here there was no intended settlement by the insured; there was no compromise; there was no surrender of the policy. There was only a payment of an amount admittedly owing under the policy, and such a payment will not, within itself, constitute a sufficient consideration for the release of an unliquidated amount claimed under the policy. *Driscoll* v. *Sullivan* (1917), 186 Ind. 178, 184, 115 N. E. 331. Certainly not where, as in this case, the evidence shows that there was no intention to release.

We deem it unnecessary to consider appellant's challenge of the court's conclusion of law in favor of appellee, further than to say that appellant, by its course, as appears by the findings, clearly admitted the validity of the policy, that it was in force at the time of the accident, and that it was liable thereunder; and by making payments without requiring proofs of loss, it waives the same. We find no error.

Judgment affirmed.