## WAGGONER *v.* HONEY.

[No. 13,462. Filed December 19, 1929. Rehearing denied February 21, 1930.]

*Chauncey W. Duncan, Robert S. Hunter* and *Owen S. Boling,* for appellant.

*John A. Titsworth* and *Russell B. Titsworth*, for appellee.

REMY, C. J.—Suit by appellant against appellee; complaint, in substance, as follows: On August 29, 1923, the parties together purchased a certain new automobile, appellant contributing $850 cash, and an old automobile at a valuation of $75, appellee contributed an old automobile at a valuation of $25, the car to be owned jointly in proportion to the amounts respectively contributed by them; that, when the car was purchased, it was agreed that appellee was to have the custody thereof, with the right to use the car, but that he was to market appellant's farm produce, and, on her request, he would, from time to time, take her in the automobile to such places as she desired to go; that appellee had failed to operate the car for and on behalf of appellant as he had agreed, but was using it solely for his own use and benefit; and that appellee was insolvent. Prayer that a temporary receiver be appointed to take charge of the automobile; that the court adjudge the undivided interests of the parties and order receiver to sell the automobile and distribute the proceeds between them, in the proportion of their respective interests.

The court refused to appoint a temporary receiver, and the cause was put at issue by an answer in denial.

On the trial, appellant, as a witness in her own behalf, testified to facts substantially as set forth in her complaint. On the other hand, appellee, who was appellant's son-in-law, admitted that, in the purchase of the automobile, appellant made the contributions as alleged in her complaint; and that he contributed nothing but his old car; he denied that there was any agreement as to the use of the car, and stated that the part of the consideration contributed by appellant was a voluntary gift to him. In corroboration of this testimony, it was

shown that the license and certificate of title were taken in his name, and that the property had at all times been listed for taxation in his name and the taxes paid by him.

The court found that appellant was not the owner of any part or interest therein, and judgment was rendered accordingly. This appeal followed.

Action of the court in overruling motion for new trial is the only error assigned which will require consideration. We shall consider the reasons for new trial which are properly presented.

Before the commencement of the trial, appellant filed motion requesting that "all issues presented by the pleadings except the dissolution of the partnership and appointment of receiver to make sale of the property be submitted to a jury." The motion was overruled. It is urged by appellant that this ruling was error. Our conclusion is otherwise.

It is argued by appellant that her suit involves the partition of the automobile, and that she was entitled to have that issue presented to a jury, citing *Kitts* v. *Willson* (1886), 106 Ind. 147, 5 N. E. 400, which holds that the partition of real estate is not a subject of exclusively equitable jurisdiction, and, under §409 R. S. 1881, §437 Burns 1926, is triable by jury.

Preliminary to a discussion of the question, it may be said that the facts stated in the complaint do not, as assumed by appellant, show that there was a partnership and that the automobile was partnership property, for no facts are averred which show a joint enterprise for their common benefit (*Koppa* v. *Yockey* [1921], 76 Ind. App. 218, 131 N. E. 838); the joint ownership of the automobile as pleaded would be a tenancy in common. *Sims* v. *Dame* (1888), 113 Ind. 127, 15 N. E. 217. The Supreme Court of this state, however, has correctly held that equity has exclusive jurisdiction of suits for partition of personal property.

*Robinson* v. *Dickey* (1896), 143 Ind. 205, 42 N. E. 679, 52 Am. St. 417. The reason for the different rule as to partition of personal property is that a cotenant of personal property out of possession has no remedy at law against a tenant in possession, while a cotenant of real estate who has been excluded by his cotenant has his remedy at law by ejectment.

The theory of the complaint, which is in a single paragraph, is that the alleged joint ownership of the automobile be established, and the property sold and proceeds distributed by a receiver appointed by the court. The fact that the evidence submitted at the trial showed appellee to be the sole owner of the property did not render erroneous the court's ruling, based as it was upon the complaint as drawn, and which stated a cause of equitable cognizance.

It is contended by appellant that the judgment was equivalent to a finding that the contributions made by appellant at the time the car was purchased were gifts to appellee, and that, in the absence of any affirmative answer by appellee, setting up his ownership of the car, the court's decision was contrary to law. The contention is without merit. Appellant claimed an interest in the car as alleged in her complaint. She had the burden of establishing the interest claimed. No burden rested upon appellee, and no answer but a denial was required; he was bound to adopt no theory. Any evidence which tended to negative the pleaded claims of appellant was admissible. There was evidence tending to prove that appellant had no interest in the car, and the court so found.

There is no error.

Affirmed.