LOWE v. SWAFFORD ET AL.

[No. 26,281. Filed February 7, 1936.]

*John M. Stinson* and *Schuyler C. Dwyer,* for appellant.

*Belshaw, Huebner & Belshaw,* for appellees.

TREMAIN, J.—On the 6th day of December, 1932, Frank Swafford filed an action in the Lake Superior Court to foreclose a mortgage upon real estate, together with the rents and profits thereof, which mortgage was executed to the First Trust and Savings Bank of Hammond, to secure the payment of a loan to the mortgagors, Isadore Zeplovitz and wife, in the sum of $55,000. The loan was evidenced by notes or bonds, each in the sums of $500 and $1,000 respectively. The notes or bonds were payable serially.

The plaintiff in the foreclosure action alleged that he was the owner of the first two bonds falling due. He made the mortgagors and their grantee, Alvin B. Lowe, appellant herein, other lien holders, and all of the bond holders parties defendant. He alleged in the foreclosure complaint the amount of bonds held by each bondholder; that since he was the owner of the first two bonds falling due, he had priority over other bondholders; that his claim was superior to the others, and was a first lien upon the real estate described in the mortgage; that the mortgagors had failed to pay the bonds when due, or the interest due thereon; that they had failed to pay certain taxes, assessments, and insurance as provided in the mortgage; that the real estate, together with the rents and profits, was not of sufficient value to pay and satisfy the mortgage indebtedness; that a receiver should be appointed to collect the rents

and profits from the real estate, which consisted of a commercial and apartment house; that the apartments and store rooms were rented to numerous tenants; that after the mortgagors executed the mortgage they sold and conveyed the real estate to said Alvin B. Lowe. Notice was given of the filing of the complaint.

On the 14th day of December, 1932, certain of the defendants in the foreclosure action, who were holders of the notes or bonds secured by the mortgage therein described, filed a verified petition in said action alleging that by reason of being the holders of mortgage bonds or notes secured by said mortgage, they had a present interest in said profits and mortgage; that the petitioners owned mortgage bonds in the aggregate of $53,000; that an additional $2,000 of the bonds were owned by the said Frank G. Swafford, who filed the foreclosure action; that the cash market value of the real estate was less than $45,000; and praying that a receiver be appointed to collect the rents and profits derived from said property, and to apply the same upon the payment of taxes, insurance, and mortgage indebtedness. The petition of these defendants alleged facts similar to those alleged in the foreclosure complaint in reference to the value of the property, the necessity of the appointment of a receiver, and the insufficiency of the property to pay the mortgage indebtedness, the total of which, principal and interest, was $59,125.

The petition was verified by one of the attorneys of the petitioners, in which verification the affiant said:

"that he has read the foregoing petition of the said petitioners, by him subscribed; knows the contents thereof; and that the same are true, except as to those matters stated to be upon information and belief, and as those matters, he believes them to be true."

Notice of the filing of said petition was served upon Alvin B. Lowe and others who were defendants in said petition on the 14th day of December, 1932. The parties appeared, and the defendant therein, Alvin B. Lowe, appellant in this appeal, appeared in person and by attorneys and filed a motion to dismiss said petition for the reasons (1) that the petitioners were co-defendants and partners in the ownership of the bond issue, and therefore possessed no right to ask for the appointment of a receiver; (2) that said Lowe was the present title owner of the property which had cost him $110,000, and that it had a value of $75,000; and (3) that said Lowe had paid all insurance, taxes, and assessments, with certain exceptions, that the property was not depreciating for want of care, and denied that there was any necessity for the appointment of a receiver. The motion to dismiss was overruled, to which ruling Alvin B. Lowe excepted.

The petition for the appointment of a receiver was submitted to the court for trial. Evidence was heard; both the petitioners and Alvin B. Lowe introduced witnesses to testify as to the value of the property; documentary evidence was introduced which included the mortgage and each of the mortgage bonds and other instruments. After hearing all the evidence, the court took the same under advisement, and, on the 9th day of January, 1933, entered an order appointing one Samuel C. Ennis and the appellant, Alvin B. Lowe, as joint receivers of the mortgaged real estate, and directed that they and their attorneys should serve without compensation; and bond was fixed at $1,000. On the same day the said receivers, so appointed, appeared in open court and qualified as such by taking the oath of office, but the said Lowe objected and excepted to the action of the court in making said appointments.

In making objection to the appointment of the re-

ceivers, the said Lowe moved the court to set aside the interlocutory order by which said appointment was made, for the same reasons stated in his motion to dismiss the petition asking for the appointment of a receiver; also, that the court had erred in receiving certain testimony and evidence. The motion was overruled, and the appellant filed a motion for a new trial, which was also overruled, to which ruling he excepted and prayed an appeal to this court.

The first error relied upon by appellant for reversal is based upon the alleged ground that the application for the appointment of a receiver was verified by the attorney for the petitioners instead of by the petitioners, and that there were no supporting affidavits. This court held, in *Miller* v. *St. Louis Union Trust Co.* (1931), 202 Ind. 688, 178 N. E. 1, that a petition for the appointment of a receiver need not be verified in order to be sufficient to invoke the jurisdiction of the court to hear and determine the necessity for such appointment. Other decisions are cited therein sustaining this proposition. However, the appellant relies upon *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339; *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 81 N. E. 494; and *Indiana Merchants' Protective Assn.* v. *Little* (1930), 202 Ind. 193, 172 N. E. 905.

In each of these cases an application was made for the appointment of a receiver, without notice, and the petitions were verified on "belief." It was held that the application was not admissible in evidence to sustain the appointment of a receiver for the reason that it was not verified in positive terms. That is the correct rule. In the case at bar the applicants for the receivership did not rely upon the verified petition as evidence. They introduced other evidence to establish the necessity of the appointment. The appellant appeared in person and by attorneys and resisted the appointment by the intro-

duction of evidence. The question became one of fact to be decided by the trial court. This condition made the hearing entirely different from one where an application for a receiver was made without notice, and the applicant relied upon the verified application as proof of the necessity of the appointment. The trial court in this case heard the evidence in the same manner as in other litigated cases, and determined as a fact the necessity of the appointment of a receiver upon all the evidence before it. There was evidence to justify the appointment, and this court is in no position to weigh evidence or to say that the trial court erred in hearing evidence as to the value of the mortgaged property and the necessity of the appointment of a receiver. *Sheridan Brick Works* v. *Marion Trust Co.* (1901), 157 Ind. 292, 61 N. E. 666; *Strebel* v. *Bligh* (1915), 183 Ind. 537, 109 N. E. 45. The petition was sufficient to invoke the jurisdiction of the court.

It is next contended by the appellant that the court erred in overruling the motion to dismiss the appellees' petition for a receiver for the reason that the appellees were co-defendants with the appellant in the foreclosure suit, that the appellees did not allege that service of process had been had upon them, and that they had filed no cross-complaint, and were, therefore, in no position to ask for a receiver.

An application for a receiver is ancillary to the main cause of action for the foreclosure of the mortgage. The petitioners in the application alleged that they had a present existing right and interest in the property since each one was shown to be the owner of a particular mortgage note or bond, fully described in both the application for the receiver and in the complaint to foreclose the mortgage, and that the bonds were secured by the mortgage sought to be foreclosed. Having a present existing right and interest in the property, they

surely had the right to file the application. *Steele* v. *Aspy, Admr.* (1891), 128 Ind. 367, 27 N. E. 739; *Sheridan Brick Works* v. *Marion Trust Co., supra; Steinbrenner Rubber Co.* v. *Duncan, Rec.* (1927), 86 Ind. App. 218, 155 N. E. 625.

In fact each of the petitioners was a mortgagee in the mortgage, since it was executed for the purpose of securing the payment of each and every mortgage bond. The plaintiff in the foreclosure action invoked the jurisdiction of a court of equity, and the court having obtained jurisdiction of the subject-matter and of the parties to the action, equity will grant all relief to which the parties may be entitled. The mortgage was not executed for any other purpose than to secure the bonds. Each of the holders and owners of the bonds was made a defendant in the foreclosure complaint and possessed all the equitable rights of a mortgagee, and where, as shown in this case, the mortgaged property was of insufficient value to pay the mortgage indebtedness, there could be no doubt as to the right of any one of the mortgage bond holders in a proper ancillary action to apply for the appointment of a receiver. Section 3-2601, Burns 1933, clauses 4 and 6.

It does not matter that the appellant and the applicants for the receivership were co-defendants in the foreclosure action. The petitioners were made defendants in that action because they held mortgage bonds secured by the mortgage. The appellant was made a defendant because he was the then present title owner of the real estate. When the petitioners filed their petition in the foreclosure action, it had the legal effect, and was a cross-complaint demanding the appointment of a receiver to collect the rents and profits of the mortgaged premises. The objection of the appellant that the petitioners were not adverse parties to him or to each other in the foreclosure action is without avail. The court will

look to the substance of the action, rather than to the form. The appellant, as the equitable title owner of the property, was receiving the rents for his own use. The petitioners were the owners of mortgage bonds, which the appellant was pledged to pay in order to retain the property. In the very nature of the situation the appellant and the petitioners were adverse parties.

The appellant's second and third objections are, in his own words:

> "The preponderance of evidence proves that the fair market value of the mortgaged property is considerably in excess of the amount of the mortgage, and that there has been an abuse of discretion by the trial court in appointing Receivers in this instance."

The appellant's statement is sufficient to show that it is unavailing. As stated above, this court will not undertake to weight conflicting evidence.

The appellant made objection in the court below to the introduction in evidence of the mortgage and the mortgage bonds, and based his objection upon the ground that the mortgage did not run to the appellees, but only to the First Trust and Savings Bank of Hammond. To say the least, the mortgage was executed for the benefit of each and every holder of mortgage bonds. He had a personal interest in the mortgage. It was essential to inform the trial court as to the amount of the outstanding unpaid bonds. They were admissible in evidence, whether owned by the petitioners or by others. As to the admissibility of the original mortgage, there can be no valid objection.

An employee of the First Trust and Savings Bank of Hammond was called by petitioners to testify as to certain transactions between them and the bank relative to the sale and purchase of the mortgage bonds, and to identify the records, part of which were made by the witness, and the remainder under his

supervision. The objection is based upon the ground that such testimony is hearsay, and not the best evidence. The witness testified from the bank records and identified the subject-matter and refreshed his memory as to the dates of the sales of bonds. The appellant cross-examined the witness fully upon all matter covered by the direct examination. A reading of the full examination of the witness discloses that he only refreshed his memory as to the dates of the numerous transactions, particularly as to the sale of the mortgage bonds. The dates of the respective sales, as recorded by the witness in person or under his supervision in the usual course of business, were proper as disclosing when the petitioners became the owners of the bonds. However, the dates of the sales of the bonds are not material in view of the fact that all of the bonds were introduced in evidence without objection. A witness may refresh his memory from a record made as disclosed in this case. *Johnson* v. *Culver* (1888), 116 Ind. 278, 19 N. E. 129; *Johnson* v. *Zimmerman* (1908), 42 Ind. App. 165, 176, 84 N. E. 541; *Place* v. *Baugher* (1902), 159 Ind. 232, 235, 64 N. E. 852.

Objection was made to the testimony of some of appellees' witnesses concerning the value of the real estate, and as to the qualification of the witnesses to place a value upon it. Such objection goes only to the weight of the testimony and not to its competency or admissibility. *The Ohio Valley Railway and Terminal Co.* v. *Kerth* (1892), 130 Ind. 314, 30 N. E. 298.

The appellant's last objection is that the trial court erred in appointing Samuel C. Ennis and Alvin B. Lowe, the appellant, as co-receivers. The objection is that since he is the owner of the real estate involved in the foreclosure suit, he is an interested party and could not legally be appointed as a receiver.

Section 3-2604, Burns 1933, provides that no party or attorney or other person interested in an action shall be appointed a receiver therein. It frequently occurs that an interested party is appointed as a receiver, upon agreement of the parties.

The record in this case does not disclose that there was an agreement for the court to appoint two receivers or to appoint those named. As said in 42 C. J. 126, section 1699:

> "While the practice of appointing two receivers is not as a general rule approved, yet there are cases in which it may be proper to do so."

The record does not declose who the receiver Ennis is, but the co-receiver, the appellant herein, is shown to be the owner of the real estate by reason of a conveyance to him by the mortgagors. When it is noted that the court, in making the appointment, directed that neither the receivers nor the attorneys should receive any compensation from rents and income of the property, it may be concluded that the receivers were willing to accept the trust under those conditions and preserve the property for the benefit of the interested parties with the least possible expense. Doubtless the court named the appellant as one of the receivers because of his interest as the owner of the real estate, especially since he claimed that the property was of a greater value than the indebtedness. It conferred a favor upon appellant by naming him one of the receivers. The appointment was made for his benefit. No objection to his appointment was made by appellees. He is in the novel position of accepting the appointment and qualifying by taking the oath of office, and at the same time appealing the case to this court and demanding a reversal. If he desired to appeal and question the court's action, he should not have qualified as a receiver in any manner. He might have obviated the situation by declining the ap-

pointment and refusing to qualify. This he did not do. The fact that he has affirmed part of the interlocutory order appointing receivers by taking the oath of office does not leave him in a position to object to the appointment. He cannot accept and reject the decision of the court at one and the same time. He did not have to accept the appointment.

Even if he had not accepted the appointment, an examination of the record does not disclose any reversible error in the action of the trial court. Accordingly the judgment is affirmed.

Judgment affirmed.