WATSON, ET AL. *v*. WATSON, ET AL.

[No. 28,992.   Filed December 5, 1952.]

386

*Paul E. Reed* and *William J. Reed,* both of Knox, for appellants.

*George F. Stevens* of Plymouth and *Fansler, Fauvre, Young & Chambers* of Indianapolis, for appellees.

BOBBITT, J.—This action was commenced by the filing by appellee, Mary E. Watson, who will hereafter be

referred to as appellee, of a complaint for the dissolution of an alleged partnership and for an accounting of the partnership assets. It was alleged that appellee, Joseph S. Watson, was not a partner but was made a party to the action for the sole purpose of requiring him to assert his rights, if any. The trial was by the court with judgment that the partnership be dissolved and appellee recover from appellants (defendants) the sum of $6,922.19, together with costs, and that she retain ownership of a Packard automobile which was registered in her name.

The sole error assigned here is the overruling of appellants' (defendants') motion for a new trial, the causes for which are (1) the decision of the trial court is not sustained by sufficient evidence and is contrary to law; and, (2) the amount of the judgment is excessive. Two questions are thus presented: (1) Did a partnership exist between appellants and appellee, Mary E. Watson; and, (2) if so, was the amount of the recovery excessive?

We shall consider these questions in the order named.

*First:* The elements essential to the creation of a partnership have been established in Indiana as follows:

"(1) a voluntary contract of association for the purpose of sharing the profits and losses, as such, which may arise from the use of capital, labor or skill in a common enterprise; and (2) an intention on the part of the principals to form a partnership for that purpose.

". . . .

"It is the substance, and not the name of the arrangement between them, which determines their legal relation toward each other, and if, from a consideration of all the facts and circumstances, it appears that the parties intended, between themselves, that there should be a community of in-

terest of both the property and profits of a common business or venture, the law treats it as their intention to become partners, in the absence of other controlling facts." *Bacon* v. *Christian* (1916), 184 Ind. 517, 521, 522, 111 N. E. 628.

It is alleged in the complaint that appellee on or about the —— day of November, 1945, entered into a partnership arrangement with appellants for the purpose of operating a farm owned by the appellant, Alice C. Keller, and the raising of grain, feed, livestock, and the production of dairy products, cattle, hogs, and poultry, together with the performing of other things necessary and incidental to such operations.

Appellee and appellant, Elizabeth Watson, were to "act as operators" and were to furnish labor, machinery and equipment, and power. The livestock, feed and grain were to be owned one-fourth by appellee, one-fourth by appellant, Elizabeth Watson, and one-half by appellant, Alice C. Keller, and the profits from the enterprise were to be divided on the same basis. The arrangement was terminated "early in the year of 1950."

When the sufficiency of the evidence is questioned, we do not weigh the evidence, but will examine the record most favorable to the appellee to determine if there is any evidence, or any legal inference, which may be drawn therefrom which, if believed by the trier of the facts, would sustain the verdict or decision.[1]

The record here, when so considered, discloses:

That appellee was thirty-three years of age at the time of the trial, was unmarried, and had lived with her parents continuously until she left the Keller farm

---

[1] See Gamble v. Lewis (1949), 227 Ind. 455, 460, 85 N.E. 2d 629.

early in the year of 1950. From 1931 to 1937 the Watsons lived on a farm near Star City, Indiana. In 1937 Alice C. Keller's husband died and her parents, Frank J. Watson and appellant, Elizabeth Watson, together with appellee, moved to the Keller farm which was nineteen miles distant from the Watson farm near Star City, and brought with them the livestock from the Star City farm. Frank J. Watson, the father of appellee, continued to operate both farms until his death in 1941. During this period, from 1937 until 1941, appellee worked back and forth between the two farms doing whatever was needed to help with the farm work.

In the spring of 1942 and after the death of appellee's father, her sister, Grace Reinholdt, and husband, Raymond J. Reinholdt, moved to the Keller farm and he took over the management. During the time Reinholdt was managing the farm appellee helped with the milking, making hay, ran the tractor, and did other general work on the farm. During this period of operation the milk checks, the hog checks and all income from the farm was divided into three parts. The operating expenses were deducted and the net income divided at the end of the month, one-third to appellant, Alice Keller, one-third to Reinholdt, and one-third to appellant, Elizabeth Watson and appellee, Mary E. Watson, jointly. The cost of seed, fertilizer, limestone, elevator charges, repairs and other expenses of like nature were included as "operating expenses" which were deducted before the distribution of net income. Reinholdt left the Keller farm in November, 1945, and took with him the stock which he had brought in 1942 and one-third of the corn and hay on hand at the time he left.

When Reinholdt left appellee took over the complete management and operation of the farm, and with the help of a hired man did all of the farm work. There

was left on the farm at that time seventeen or eighteen cows, ten heifers, two calves, some hogs and sheep, a tractor and some horse-drawn equipment.

Under appellee's management and operation the number of cows increased to thirty-five, and the number of heifers to thirty-five. New machinery consisting of a spring-tooth harrow, mower, hay rake, tractor sprayer, corn planter, grinder, rubber tired wagon and milking machine were purchased and paid for out of the joint bank account of Elizabeth and Mary Watson. Approximately $1,000 indebtedness on a tractor and truck purchased prior to the time appellee took over the management was paid out of income from the joint venture. Certain repairs and additions were made to the farm buildings to increase the facilities, and these were financed out of the joint farm income.

There was no common checking account into which all money received was deposited and out of which all expenses were paid, but the joint checking account of appellant, Elizabeth Watson, and appellee was used as a checking account for the joint operations.

Feed raised on the Star City farm belonging to appellant, Elizabeth Watson, was used to feed cattle and hogs on the Keller farm. The proceeds from the sale of cattle and hogs were divided, one-half to appellant, Alice C. Keller, one-fourth to appellant, Elizabeth Watson, and one-fourth to appellee, Mary E. Watson. The proceeds from any surplus feed sold from the Star City farm were deposited in the joint (operating) account of Elizabeth and Mary Watson. The receipts from the sale of eggs were used to pay for the groceries for the common family consisting of Alice C. Keller, her son, Elizabeth Watson, and appellee, Mary E. Watson.

The monthly check for milk sold was made payable to Elizabeth Watson and Alice C. Keller. Appellee paid

current bills out of her and her mother's joint bank account and when the milk check was received the joint account was reimbursed for the amount advanced, and the balance of the milk check was divided, one-half to Alice C. Keller, and one-half to Eliabeth Watson and Mary E. Watson, jointly.

Appellee kept the books and records pertaining to the entire farm operation. Alice C. Keller and appellee prepared most of the tax returns. The gross income tax return for Alice C. Keller for 1947 shows a gross income of $10,605.95; of Elizabeth Watson $4,380.47, and of Mary E. Watson $4,380.47. Alice C. Keller supplemented her farm income by teaching school. The schedule of farm income and expenses for Mary A. Watson for 1947, and the schedule of farm income and expenses for Elizabeth Watson for the same year shows that they received the same amount from the sale of cattle, hay, grain, dairy products, wool and gasoline tax refund, and that their expenses for hired help, feed purchased, seed bought, expense of machine hire, supplies furnished, fertilizer and lime, veterinary charges, gasoline, freight and trucking were exactly the same.

The gross income for the year 1949 from the milk, eggs, hogs, refunds, sheep, chickens and grain was divided one-half to Alice C. Keller, one-fourth to Elizabeth Watson, and one-fourth to appellee, and the expenses, including feed, seeds, labor employed, supplies, maintenance, fertilizer, veterinary charges, gasoline, automobile upkeep, freight trucking, and other items of expense were shared one-half by Alice C. Keller, one-fourth by Elizabeth Watson and one-fourth by appellee, Mary E. Watson.

The facts and circumstances in this case are such that the court might readily conclude therefrom that

■ Alice C. Keller, Elizabeth Watson and Mary E. Watson "intended, between themselves, that there should be a community of interest" in any increment in the value of the capital and in the profits of their common venture in the operation of the Keller farm. We find no controlling facts to the contrary, and under these circumstances the law will presume that they intended to form a partnership. *Bacon* v. *Christian* (1916), 184 Ind. 517, 111 N. E. 628, *supra; Driscoll* v. *Sullivan* (1917), 186 Ind. 178, 183, 115 N. E. 331; *Moynahan Construction Co.* v. *William E. Mohler* (1947), 225 Ind. 379, 75 N. E. 2d 540, 543; 40 Am. Jur., Partnership, §41, p. 154.

Appellants contend that appellee made no capital contribution to the venture, hence she could not become a partner but would be merely an employee. Appellee received no salary or wages for her services on the Keller farm, and there is no other evidence from which the court might infer that she was an employee of either Alice C. Keller or Elizabeth Watson, or both. Her sole and only income for the period here in question was the amount she received as her one-fourth interest in the net profits arising out of and from the operation of the farm.

A partnership may be formed by the furnishing of capital by one or more of the partners, and the furnishing of labor and skill by others. The contribution of labor and skill by one of the partners may be as much a contribution to the common enterprise as property or money. *Bacon* v. *Christian* (1916), 184 Ind. 517, 111 N. E. 628, *supra; Driscoll* v. *Sullivan* (1917), 186 Ind. 178, 115 N. E. 331, *supra; Sheldon* v. *Little* (1940), 111 Vt. 301, 15 A. 2d 574, 137 A. L. R. 1; *Commissioner of Int. Rev.* v. *Tower* (1946), 327 U. S. 280, 90 L. Ed. 670, 66 S. Ct. 532,

164 A. L. R. 1135, 1140; 40 Am. Jur., Partnership, §32, p. 145.

We believe the evidence here presents a state of facts from which the trial court could legally infer the establishment of a partnership with appellee having a one-fourth interest, appellant, Elizabeth Wason, a one-fourth interest, and appellant, Alice C. Keller, a one-half interest.

*Second:* Was the amount of recovery excessive?

Appellants contend that if a partnership existed there was not sufficient evidence upon which to render an account, and the court failed to take into account the partnership indebtedness, the advancement made by appellants, and their contribution to the capital, and that the court included in the judgment many items which were not partnership business.

This is a suit in equity in which all parties are before the court to do and receive equity. *Kisling* v. *Barrett* (1904), 34 Ind. App. 304, 309, 71 N. E. 507.

It appears from the evidence that appellants, Alice C. Keller and Elizabeth Watson, furnished the use of their farms, the nucleus of the herd of cattle and other animals, and an interest in certain farm machinery as their capital contribution to the partnership, while appellee, Mary E. Watson, furnished her skill and labor. Under this arrangement the venture grew and prospered. It can be inferred that an efficient, profitable operation of the business required that the farms be kept in a high state of efficiency, that maintenance and repairs of the farm buildings would be required, and that worn and obsolete machinery would require replacements. These were necessary to the success of the partnership. When expenditures for these purposes were required, they were frequently made from the joint bank account of appellee and her

mother, appellant, Elizabeth Watson, and should be treated as an advancement from said joint account to the partnership. Evidence of such advancements was admitted without objection by appellants. All these matters were before the court for consideration and adjustment. It is apparent that the right of the parties hereto cannot be determined without considering all of the expenditures made in connection with, or which had any relation to, the partnership affairs. The purpose of this action was to determine and fix the amount of appellee's interest in the partnership and to "adjust the accounts of the litigants and render complete justice." See *Denny, Rec.* v. *Scoonover* (1931), 93 Ind. App. 118, 125, 153 N. E. 779.

This being a suit in equity "the whole case is drawn into equity, and any item connected with the accounting of the partnership business may properly be adjudicated." *Lesh* v. *Bailey* (1912), 49 Ind. App. 254, 260, 95 N. E. 341.

It is argued that appellee should file separate actions against appellants to recover her part of any advancements made from the joint fund to pay any personal obligations of Alice C. Keller and Elizabeth Watson. We are not impressed with this argument. A court of equity here had all of the parties before it for accounting purposes, and it properly determined all the rights of all the parties in one action and thereby avoided a multiplicity of suits. *Haas* v. *Holder, Trustee* (1940), 218 Ind. 263, 271, 32 N. E. 2d 590; *Lowe* v. *Swafford* (1936), 209 Ind. 514, 521, 199 N. E. 709, 103 A. L. R. 1222; *Hosanna, et al.* v. *Odishoo* (1935), 208 Ind. 132, 193 N. E. 599; *Fesler, Auditor* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145.

This is consistent with our code and policy of law generally in all proper cases to avoid a multiplicity of

actions. *Zumpfe* v. *Piccadilly Realty Co.* (1938), 214 Ind. 282, 288, 13 N. E. 2d 715, 15 N. E. 2d 362, 124 A. L. R. 1060; *Lesh* v. *Bailey* (1912), 49 Ind. App. 254, 95 N. E. 341, *supra.*

The trial court made a general finding and we cannot determine from the evidence what items in the accounting the court took into consideration in arriving at the amount of recovery. The evidence as to the value of appellee's interest is in conflict and, under such circumstances, the decision of the trial court as to the amount of recovery will not be disturbed if there is evidence to support the judgment. *Driscoll* v. *Sullivan* (1917), 186 Ind. 178, 115 N. E. 331, *supra; Bacon* v. *Christian* (1916), 184 Ind. 517, 111 N. E. 628, *supra; Kostas* v. *Zaracostas* (1948), 118 Ind. App. 425, 75 N. E. 2d 423.

We believe the evidence here is sufficient to support the decision of the trial court. We also believe the case was fairly tried and a just result reached on conflicting evidence. It has not been established that the decision of the trial court is contrary to law. For the foregoing reasons the judgment is affirmed.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 2d 893.