KAITEL *et al. v.* WYLIE *et al.* YOUNG *v.* SAME. HOWK *v.* SAME.

*(Circuit Court, N. D. Illinois.* June 3, 1889.)

1. REMOVAL OF CAUSES—PETITION—TIME OF FILING.
   Under act Cong. March 3, 1887, § 3, as amended by act Aug. 13, 1888, providing that the application for removal of a cause to the federal court must be made at or before the time the defendant is by the laws of the state or the rules of court required to plead to the declaration, where defendants, their plea in abatement having been quashed, are required to plead to the merits instanter, but omit to do so, a petition for removal, filed nearly a month afterwards, is too late, and it is immaterial that plaintiffs did not take a default as they might have done.

2. SAME.
   The fact that, 18 days after defendants ought to have answered, plaintiffs amended their pleading, is also immaterial.

3. SAME—SEPARABLE CONTROVERSY—JOINT TORT-FEASORS.
   In an action of tort, in which plaintiffs' declaration charges all the defendants as jointly liable, there is no separable controversy, and it is immaterial that plaintiffs may not be able to prove such joint liability The declaration must govern.

4. SAME—LOCAL PREJUDICE—APPLICATION, WHERE MADE.
   An application for removal from a state court on the ground of local influence and prejudice must be made, and the question of fact tried, in the federal court.

At Law. On motion to remand.

*J. L. High,* for plaintiffs.

*Haley & O'Donnell,* for defendants.

BLODGETT, J. This case was removed by the defendant Wylie from the circuit court of Will county, in this district, where it was originally commenced, and is now before the court on a motion by the plaintiffs to remand. It is an action of trespass on the case, in which defendants are charged with the maintenance of a nuisance contiguous to the plaintiffs' premises, to the damage of the plaintiffs' property. Defendant Wylie claims the right to remove the case, so far as he is concerned, on the ground that he is a citizen of Iowa, and that plaintiffs are citizens of the state of Illinois, and that there is a separable controversy in the case as between himself and the plaintiffs; and on the further ground that by reason of prejudice and local influence he cannot have a fair trial in the state court. Several points are urged in support of the motion to remand: (1) That the petition for removal was not filed in apt time; (2) that there is no separable controversy in the case; (3) that the application for removal on the ground of local prejudice should have been to this court, and not to the state court, in which the suit was brought and pending.

As to the first point, it appears that the summons was served on the defendant Wylie on the 28th of December, 1888, returnable on the first day of the next January term, which was on the 7th of January, 1889, thus leaving 10 full days between the day of service and the return-day of the summons. The defendant Wylie appeared specially in the case, and moved to quash the service of the summons upon him. This mo-

tion was argued, and on the 19th òf January was overruled by the court. On the 6th of February, the plaintiffs, by leave of court, amended the declaration, and on the 11th day of February the petition for removal to this court was filed by Wylie, and the state court, on the filing of this petition and the tender of a bond, approved the bond, and ordered the record of the case to be sent to this court.

By the third section of the act of March 3, 1887, as corrected by the act of August 13, 1888, in regard to the jurisdiction of the federal courts and the removal of causes from the state courts thereto, it is provided that the application for removal must be made at or before the time the defendant is by the laws of the state or the rules of the court required to plead to the plaintiffs' declaration. It will be seen from the foregoing statement that a plea was due from the defendant Wylie immediately on the overruling of his motion to quash the service, as no further time was given him to plead to the merits of the case, and hence it might be properly said, I think, that as soon as his motion to quash was overruled, he was required, by the laws of the state and the rules of the court in which the case was pending, to plead to the declaration instanter. Instead of doing so, he did nothing until the 11th of February, when this petition was filed. I do not think the fact that the plaintiff did not take a default at the time he was entitled to do so operated to relieve the defendant Wylie from the necessity of interposing his motion to remove at once when the plea was due from him. The statute not only seems to be imperative by its letter that the application to remove must be made when the plea is due, but such from the course of legislation seems to be the spirit of the later legislation of congress upon the subject of the removal of causes. For illustration, if defendants had not pleaded at all to the declaration during the return-term, and had, at the opening of the second term, made this application for a removal, I think there could be no doubt that the application came too late; and, it seems to me, the application comes equally too late when it is made after the time when the party is required by law or the rules of court to plead to the declaration, whether the plea has been due six days or six months. Nor does the fact that the plaintiffs in this case amended the declaration by leave of court before the application to remove was filed, take the case out of the operation of the rule which I have stated, as about 18 days intervened, after the motion to quash was overruled, before the amendment was made, during all which time defendants were in default. I am therefore of opinion that the application for removal was made at too late a day, and that the motion to remand might properly prevail for that reason alone.

As to the point that there is not a separable controversy shown in this case. The authorities now settle the proposition that the right of removal is to be determined upon the case made by the plaintiff in his declaration. In *Railroad Co.* v. *Ide*, 114 U. S. 55, 5 Sup. Ct. Rep. 737, the supreme court of the United States said:

"In the present case all the defendants are sued jointly and as joint contractors. There is more than one contract set out in the complaint, and there

is therefore more than one cause of action embraced in the suit, but all the contracts are alleged to be joint, and binding on all the defendants jointly and in the same right. There is no pretense of a separate cause of action in favor of the plaintiff and against the Louisville and Nashville Company alone. The answer of the company treats the several causes of action alike and makes the same defense to all. For the purposes of the present inquiry the case stands as it would if the complaint contained but a single cause of action. The claim of right to a removal is based entirely on the fact that the Louisville and Nashville Company, the petitioning defendant, has presented a separate defense to the joint action by filing a separate answer tendering separate issues for trial. This, it has been frequently decided, is not enough to introduce a separate controversy into the suit within the meaning of the statute. *Hyde* v. *Ruble*, [104 U. S. 407,] *supra; Ayres* v. *Wiswall*, [5 Sup. Ct. Rep. 90,] *supra.* Separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. *Smith* v. *Rines*, 2 Sum. 348. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit whatever the plaintiff declares it to be in his pleadings."

And in *Pirie* v. *Tvedt*, 115 U. S. 41, 5 Sup. Ct. Rep. 1034, 1161, which was an action in tort, the supreme court said:

"There is here, according to the complaint, but a single cause of action, and that is the alleged malicious prosecution of the plaintiffs by all the defendants acting in concert. The cause of action is several as well as joint, and the plaintiffs might have sued each defendant separately, or all jointly. It was for the plaintiffs to elect which course to pursue. They did elect to proceed against all jointly, and to this the defendants are not permitted to object. The fact that a judgment in the action may be rendered against a part of the defendants only, does not divide a joint action in tort into separate parts any more than it does a joint action on contract."

And the rule announced in this case is reiterated in *Sloane* v. *Anderson*, 117 U. S. 275, 6 Sup. Ct. Rep. 730. In this case, the plaintiffs have charged all the defendants with the tort complained of. It is possible that the plaintiffs may not be able to maintain their action as against all of the defendants here, but that does not make a separable controversy in favor of any one of the defendants. The controversy in the case will be, and is, whether the defendants, or either of them, are guilty as charged in the declaration, and there is nothing, either in the declaration or pleadings in this case tending to show that one is any less or more guilty than the other. The case, therefore, was not removable upon the ground that there was a separate controversy in the case between the plaintiffs and the defendant Wylie.

As to the ground for removal on the allegation in the petition of local influence and prejudice against the defendants. It was held by the learned circuit justice of this court in *Malone* v. *Railroad Co.*, 35 Fed. Rep. 625, that the application for removal of a cause from the state to the federal court on this ground must be made in the first instance to the federal court to which it is sought to remove the cause, and that such

federal court must find the existence of such prejudice and local influence as a question of fact, before the case can be removed, and make the order in the United States circuit court for the removal of the case from the state court.    Hence all that appears in the petition for removal upon the subject of prejudice and local influence is mere surplusage in that petition.    This court alone can pass upon that question, and order the cause removed after the fact of the existence of prejudice and local influence has been determined.    The case is therefore remanded to the circuit court of Will county, and the same order will be made in the case of Young against the same defendants, and Howk against the same defendants, which were removed at the same time, and present precisely the same questions which have been considered in this case.