## BROWNING *v.* REED.

### (*Circuit Court, D. Indiana.* June 19, 1889.)

**REMOVAL OF CAUSES—TIME OF APPLICATION.**

Under act Cong. March 3, 1887, as corrected by act Aug. 13, 1888, requiring an application for removal from state to federal court to be made at or before the time the defendant "is required by the laws of the state or rule of the state court in which the suit is brought to answer or plead," where, on the third day of the term, defendant is ruled to answer, and files a plea in abatement on the next day, which is overruled on demurrer on the sixth day, a petition for removal, not filed until the seventh day, is too late, even if the plea in abatement suspended the rule to answer, as such rule became operative on the overruling of the plea.

At Law.   On motion to remand.

*Friedly & Giles,* for plaintiff.   *Dunn & Dunn* and *J. W. Buskirk,* for defendant.

WOODS, J.   This case comes from the Lawrence circuit court, and the motion to remand is made upon the ground that the petition for removal was not presented in time.   The record shows that the defendant was duly served with process in the customary form, and on the return-day appeared specially, and moved the court to set aside the summons and return.   On the next day—being the third day of the term—the court overruled this motion, and ruled the defendant to answer.   On the next day the defendant filed a plea in abatement, to which on the next day the plaintiff demurred, and on the next day this demurrer was sustained.   This was on Saturday, the sixth day of the term; and on Monday, the seventh day, the petition for removal was presented.   The rule to answer, as entered on the third day of the term, required an answer on the next day, and on that day the application for removal ought to have been presented, unless the filing of the plea in abatement operated to extend the time.   Whether or not a plea in abatement has such effect, it is not necessary in this case to decide.   If so, it must be upon the theory that, in respect to the time when a removal can be had, the plea suspends the operation of the rule to answer; and, conceding, but not deciding, this to be so, nevertheless, when the plea was overruled on the sixth day of the term, the rule to answer became at once again operative, and, if a removal was desired, it should have been then applied for, and the delay until the next day of the term was, I think, fatal to the right.   By the act of March 3, 1887, as corrected by the act of August 13, 1888, the application must be made at or before the time the defendant "is required by the laws of the state or rule of the state court in which the suit is brought to answer or plead to the declaration or complaint of the plaintiff."   The conclusion reached seems to be supported by the decision of Judge BLODGETT in *Kaitel* v. *Wylie,* 38 Fed. Rep. 865.   See, also, *Dixon* v. *Telegraph Co.,* Id. 377, and *Hurd* v. *Gere,* Id. 537.   For the statutes of Indiana in respect to the subject, reference is made to *McKeen* v. *Ives.* 35 Fed. Rep. 801.   The motion is therefore sustained.