State, *ex rel.* Cicero Township, *v.* Finney *et al.*

No. 15,456.

STATE, EX REL. CICERO TOWNSHIP, *v.* FINNEY ET AL.

TOWNSHIP TRUSTEE.—*Suit on Official Bond.—Misapplication of Funds.— Overpayments.—Set-Off.*—In an action against a township trustee and the sureties on his official bond, it is proper to charge the trustee with the amount found to be overdrawn by him from special funds in his hands, and to credit him with the amounts found to be overpaid by him to certain other funds, vouchers being regularly on file for such overpayments. It is immaterial whether certain of the sureties furnished the money from their private funds, as alleged in the answers, with which to make the overpayments, or that the money came from a misapplication of other funds, if the defendants were compelled to make good the deficiency occasioned by the misapplication, as they were required to do by the judgment.

PRACTICE.—*Judgment of Trial Court.—When Not Reversed Notwithstanding Error.*—The judgment of a trial court will not be reversed because of error occurring at the trial, where the whole record discloses that substantial justice was done between the parties, notwithstanding the error committed.

From the Tipton Circuit Court.

*W. R. Oglebay* and *C. N. Pollard,* for appellant.

*R. B. Beauchamp, W. Mount, G. H. Gifford* and *J. M. Fippen,* for appellees.

BERKSHIRE, C. J.—This action rests upon the official bond of a township trustee.

The cause was put at issue, and then by agreement of the parties referred to a master commissioner to hear the evidence and report his finding to the court.

The commissioner, after having heard the evidence, made his finding and reported the same in accordance with the order of submission.

On motion of the appellant, and without objection from the appellees, certain parts of the report or finding were eliminated therefrom, and thereafter the appellant filed exceptions to the finding of the commissioner, which were overruled by the court, and an exception reserved.

The report of the commissioner finds that the trustee had overdrawn from the bridge fund the sum of $2,234.20; from the dog fund, $313.63.

The report further finds that the trustee had overpaid for the benefit of the township fund, $1,468.21; from the road fund, $731.07, and that there was due him for services, $450.

The appellees moved the court to render judgment in their favor for the said sums overpaid, and the appellant moved the court to render judgment in its favor for the amounts found to be overdrawn, with ten per cent. penalty.

The court sustained both motions, and rendered judgment accordingly.

The appellant moved for a modification of the judgment so far as it was in favor of the appellees, which the court overruled, and the proper exception was saved.

Counsel for the appellant contend that the finding of the commissioner did not entitle the appellees to the judgment rendered for them for the reason that it failed to show that the appellees, or either of them, had furnished the money from their private funds (as alleged in their answers) with which to make the over-payments, but that such over-payments were the result of a misapplication of moneys belonging to one fund to the benefit of another. It is further contended that the finding fails to disclose that the over-payments were made under such circumstances as to entitle the appellant to a credit therefor under any state of the issues.

In answer to the last proposition, it may be said that the report or finding of the commissioner discloses the fact that vouchers are on file properly for such over-payments, and states in addition that the trustee is entitled to credit for such over-payments.

As the evidence is not in the record we must be controlled by the finding of the commissioner.

As to the first proposition we may state, first, that it is a well settled rule of this court not to reverse a judgment of a

trial court because of error occurring at the trial where the whole record disclosed that substantial justice was done between the parties, notwithstanding the error committed.

Had it been error to permit the appellees to have the benefit of the credits allowed on account of the over-payments because the facts on which they rested were not technically within the pleadings which they filed, if the result finally reached was even-handed justice this court would not reverse the judgment.

But it was wholly immaterial whether the money which made the over-payments came directly from the pockets of the appellees, or came from a misapplication of other funds, if the appellees were compelled to make good the deficiency occasioned by the misapplication, as was done in this case.

In the judgment which the court rendered against the appellees they are compelled to respond not only for the deficiency, but to ten per cent. penalty in addition. If there is any error it is in the addition of the ten per cent. penalty on an amount in excess of the amount that the trustee was actually short.

We are much impressed with the belief that the judgment is fair to the appellant.

We find no error in the record.

Judgment affirmed, with costs.

Filed Oct. 16, 1890.