## LESH *v.* BAILEY.

[No. 7,231. Filed June 1, 1911. Rehearing denied October 11, 1911. Transfer denied January 12, 1912.]

1. REMOVAL OF CAUSES.—*Diverse Citizenship.—Amount Demanded. —Complaint.*—A complaint showing that defendant owes to the plaintiff more than $2,000, but which demands less than $2,000, does not authorize the removal of the cause to the federal court on the ground of diverse citizenship. p. 258.

2. REMOVAL OF CAUSES.—*Waiver of Right.—Proceeding to Trial.— Statutes.*—Under the federal act of 1888 (25 Stat. 435, §3, 1 U. S. Comp. Stat. p. 510), providing that a party desiring to remove a cause from the state to the federal court must file his petition "at the time, or any time before the defendant is required by the laws of the State or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," a defendant who makes up the issues, requests a jury trial and tries the case, waives his right to a removal of the cause to the federal court. p. 258.

3. PARTNERSHIP. — *Accounting. — Notes.—Complaint.—Amendment.* —A suit in equity for an accounting between partners is not changed to an action at law by reason of an amendment to the complaint demanding judgment on a note alleged to have been executed in a settlement of such partnership, especially where the evidence showed that such note was not negotiable, and not amounting, therefore, to a payment of the debt. p. 259.

4. PARTNERSHIP.—*Accounting.—Joinder of Action at Law.*—Where an action at law on a note is joined with a suit for an accounting between partners, the whole cause is drawn into equity. p. 260.

5. ACTION.—*Law.—Equity.—How Determined.*—Whether a cause is of legal, or of equitable cognizance, is determined from the general scope and character of the facts and pleadings involved. p. 260.

6. PLEADING. — *Complaint.—Amendments.—Variance.*—Amendments to a complaint are liberally permitted, even after verdict, where no injustice is occasioned thereby. p. 261.

7. PLEADING. — *Complaint. — Amendments. — Partnership. — Accounting.—Notes.*—In a suit by one of two partners for an accounting, it is not prejudicial to permit the plaintiff, after the decision is announced, to amend his complaint so as to include a note shown by defendant to have been given in settlement of their partnership affairs. p. 261.

8. APPEAL.—*Right Result.*—Where it affirmatively appears that the trial court reached a right result, the judgment appealed from will be affirmed. p. 262.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Suit by John Bailey against Will H. Lesh. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Lesh & Lesh,* for appellant.

*C. W. Watkins, T. G. Smith* and *C. A. Butler,* for appellee.

FELT, P. J.—This action was brought by appellee against appellant for dissolution of partnership and an accounting of the partnership assets. The court found for appellee, and rendered judgment against appellant for $607, from which this appeal is taken.

Appellant has assigned numerous errors, raised in different ways, but those relied on in the briefs, for reversal, relate to the refusal of the court to transfer the cause to the federal court, and to certain amendments which the court permitted appellee to make to his complaint.

The judgment in this case was rendered on the amended second paragraph of complaint, which, in substance, before amendment, alleged that in 1895 appellant and appellee entered into a partnership agreement to operate a hotel in

the State of Missouri; that appellee paid his full portion of the purchase money and fully performed his part of said partnership agreement; that said business was successful and the profits therefrom amounted to a large sum of money, half of which belonged to appellee, but which appellant refused to pay to him, except the sum of $110; that shortly after beginning business, in violation of their partnership agreement, appellant excluded appellee from said hotel and business, over his objection, and retained money due to him in the sum of many thousands of dollars.

The original complaint was filed on September 14, 1907, and on September 21, 1907, appellant filed his verified petition to remove the cause to the federal court, on the ground of diverse citizenship, and tendered his bond therewith. The petition for removal averred facts showing that the amount in dispute was over $2,000, and that appellant was a resident of the State of Missouri.

Pending the ruling on this application, appellee withdrew his first paragraph of complaint, and by leave of court, over appellant's objection, filed his second paragraph of complaint, which demanded less than $2,000. Thereupon the court denied the petition to transfer. In October following, by leave of court, appellee filed an amended first paragraph of complaint averring substantially the facts heretofore shown, but stating that appellee, in purchasing said hotel, furnished $2,000 in cash and conveyed eighteen acres of real estate of the value of $1,000; that, by the terms of the partnership agreement, the profits of the business were to be divided equally at the end of each month; that the profits of the first month amounted to $400. Several paragraphs of answers and replies were filed and the case was put at issue. Appellant moved for a trial by jury, and the court thereupon submitted to a jury certain interrogatories, which were answered by the jury for the guidance of the court.

These answers show that appellee put into the purchase

of the hotel $2,000 in cash and eighteen acres of real estate; that appellant paid nothing on the purchase, but the firm of Lesh & Bailey executed three notes for $500, which were paid from the proceeds of the business; that soon after beginning business, appellant excluded appellee from the hotel, and refused to account to him for his part of the profits; that the profits during the term the hotel was operated amounted to $6,000, of which amount appellee received $110 and appellant $5,890; that appellant has never settled with appellee, and there is due to him the sum of $4,620.

The jury returned answers to interrogatories on October 26, 1907, and on November 7, 1907, appellant again filed his petition to transfer the cause to the federal court, which was overruled. Thereupon appellant moved that the court find the facts specially and state its conclusions of law thereon. Appellee then asked and was granted leave to amend his complaint to conform to the proof, and thereupon filed his amended second paragraph of complaint, which only differed from the original by averring, in substance, that appellee executed in the name of Ella J. Bailey, for the use and benefit of appellee, his promissory note for $400 dated on or about October 23, 1907, which was due and unpaid; that a copy thereof was not set out, because the note was in the hands of appellant, and, upon demand, he refused to surrender it to appellee; that said note was given to reimburse appellee for money invested in said hotel.

At the January term, 1908, the court filed a special finding of facts, the substance of which is as follows: That appellant and appellee, in 1895, formed a partnership to engage in the hotel business in Missouri, each to receive half of the net profits; that they began business on January 1, 1896, at Trenton, Missouri, and appellee invested therein $1,000 in cash; that on October 23, 1907, after a sale of the hotel business, they had a partnership settlement, by which appellee obtained a reconveyance of the eighteen acres of

real estate and said note for $400, which was payable to
Ella J. Bailey, appellee's wife, but was to secure the bal-
ance due to appellee in said settlement, and was not, in
fact, the property of said Ella J. Bailey, but was the prop-
erty of appellee; that the note is unpaid and there is due
thereon $607.

Upon this finding, the court stated its conclusions, that
the law is with appellee, and he is entitled to recover said
amount from appellant. To these conclusions appellant ex-
cepted.

Though a party may allege facts in his complaint from
which it appears that more than $2,000 is due to him, yet,
if he limit his demand to less than that amount,
1. the cause cannot be removed to the Federal Court
on the ground of diverse citizenship. *Lake Erie, etc.,
R. Co.* v. *Juday* (1898), 19 Ind. App. 436.

The case just cited clearly meets the question as it arose
on the first·application to transfer, but it is further con-
tended by appellant that the authority does not jus-
2. tify the ruling on the second application made after
the filing of the amended first paragraph of com-
plaint. It will be observed, however, that after this para-
graph of complaint was filed, appellant, without renewing
his application to transfer, proceeded to, and did, make up
the issues and moved for a jury trial, and tried the case
before a jury upon certain interrogatories submitted by the
court for his information upon controverted questions of
fact. Appellant claims, and appellee denies, that the
amended first paragraph of complaint demands, or puts in
controversy, more than $2,000. Be this as it may, the right
to transfer may be waived, and we hold that the right of
transfer, if any existed by reason of the amended first para-
graph, was waived by appellant by proceeding to make up
the issues and try the case, at least in part, taking his
chances on a favorable outcome with the jury, and then
after seeing their answers, renewing his application.

The authorities just cited fully answer appellant's contention that after permitting appellee to amend his complaint to conform to the evidence, the court, of its own motion, should have taken up and sustained the application to remove the cause, for certainly if such duty is incumbent upon a trial court in any case, (which we do not assert, it was not its duty where the party had himself waived his right, as in this case.

By permitting appellee to amend his complaint so as to show the giving of the note for $400, the character of the suit was not changed, but remained one for account-

3. ing. So far as disclosed by the evidence, the note was not negotiable under the law merchant, was nothing more than a due bill or an item to be considered in the accounting, and its execution did not amount to payment of the amount evidenced by it, in the absence of an agreement that it should so operate. 22 Am. and Eng. Ency. Law (2d ed.) 555; *Krohn* v. *Bantz* (1879), 68 Ind. 277, 284; *Alford* v. *Baker* (1876), 53 Ind. 279, 285; *Pence* v. *Garrison* (1884), 93 Ind. 345, 351, 353.

Black's Dillon, Removal of Causes §15, says: "A party to a suit in a state court may, so far as concerns that particular litigation, waive his right to remove the same to the Federal Court. * * * Parties may not go to trial on the merits, and take their chances on the result, and afterwards question the jurisdiction of the court on any ground which could be waived."

By §3 of the act of congress of March 3, 1887, as corrected by the act of August 13, 1888 (25 Stat. 435, §3, 1 U. S. Comp. St. p. 510), it is provided that a party desiring to remove a cause from a state to the federal court must file his petition "at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." Desty, Removal of Causes §105s; *Kansas City, etc., R. Co.*

v. *Daughtry* (1891), 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963; *Wadleigh* v. *Standard Life, etc., Ins. Co.* (1890), 76 Wis. 439, 45 N. W. 109; *Kaitel* v. *Wylie* (1889), 38 Fed. 865; *Browning* v. *Reed* (1889), 39 Fed. 625.

Furthermore, the suit for an accounting being an equitable action, the whole case is drawn into equity, and any item connected with the accounting of the partnership business may properly be adjudicated in such suit, and the character of the litigation is not changed to one at law, because a note of the character here indicated enters into the finding and judgment of the court. Such note is but an item to be considered in the accounting, and, on the facts of this case, is incidental to the nature or character of the suit. This is consistent with our code and the policy of our law not to multiply suits. §249 Burns 1908, §249 R. S. 1881; Pomeroy, Eq. Jurisp. §§180, 181, 231, 242; *Towns* v. *Smith* (1888), 115 Ind. 480; *Palmer, etc., Iron Co.* v. *Heat, etc., Co.* (1903), 160 Ind. 232; *Monnett* v. *Turpie* (1892), 132 Ind. 482, 485; *Hoosier Construction Co.* v. *National Bank, etc.* (1905), 35 Ind. App. 270.

In the case last cited, the court said on page 274: "The rule in this State is that the nature of an action must be determined from the general character and scope of the pleading, disregarding isolated and detached allegations not essential to the support of its main theory." And see *M. S. Huey Co.* v *Johnston* (1905), 164 Ind. 489.

The court will construe the pleading as most clearly outlined by the facts stated, and, if possible, so construe it as to give full force and effect to all of its material allegations, and such as will afford the pleader full relief. *Monnett* v. *Turpie* (1892), 132 Ind. 482; *Monnett* v. *Turpie* (1892), 133 Ind. 424, 427.

In the case of *Orr* v. *Leathers* (1901), 27 Ind. App. 572, 575, this court said: "It was long ago held that a judg-

ment or verdict in favor of a plaintiff would not be
6. set aside upon the ground that the action had not
been framed with technical precision," and quoted
approvingly from a Massachusetts case in which it was said
that, though the action was misconceived and wrong in form,
where it clearly appeared that justice had been done, they
would not disturb the judgment, "especially where in ad-
justing the demand, the defendant had every advantage
which he could have had under any other form of action."
Our statutes give great liberality on the subject of variance
between the allegations and the proof (§§400-402 Burns
1908, §§391-393 R. S. 1881), and in the amendment of
pleadings (§403 Burns 1908, §394 R. S. 1881), where the
party is not misled or deprived of any substantial right, and
the ends of justice are subserved. *Cleveland, etc., R. Co.* v.
*Miles* (1904), 162 Ind. 646; *Toledo, etc., R. Co.* v. *Stephen-
son* (1892), 131 Ind. 203; *Burns* v. *Fox* (1888), 113 Ind.
205; *Judd* v. *Small* (1886), 107 Ind. 398; *Citizens St. R. Co.*
v. *Heath* (1902), 29 Ind. App. 395.

In this case, appellant, to meet the case made against
him by appellee, brought out the fact of the existence of
this note, before the amendment was asked or made,
7. and he cannot now be heard to say that he was in
any sense misled by the proof or harmed by the
amendment. Indeed, in such equitable action, the note be-
ing connected with the subject of the litigation and proof
of it coming from appellant himself, he could not complain
if the court had considered the note in his final adjudica-
tion of the matters in controversy, without any amendment
of the pleading. The principal reason for the amendment,
on such a state of facts, is to have the record show that the
note was included in the finding and judgment.

Section 700 Burns 1908, §658 R. S. 1881, provides that
no judgment shall be reversed "where it shall appear to
the court that the merits of the cause have been fairly tried
and determined in the court below."

In view of the finding of facts by the jury, it is apparent that, looking to the merits of the controversy, the only one having cause to complain is the appellee, who recovered $607, where the jury find that there was due to him $4,620. Where the complaining party is not harmed but benefited by the finding of the court, and the court renders judgment upon such finding, he cannot successfully urge the reversal of such judgment on account of some intervening error. *World Bldg., etc., Co.* v. *Marlin* (1898), 151 Ind. 630; *Hartwell Bros.* v. *Peck & Co.* (1904), 163 Ind. 357; *Engrer* v. *Ohio, etc., R. Co.* (1895), 142 Ind. 618, 625.

It has been held repeatedly by our Supreme Court and by this court, that when it affirmatively appears from the record and the evidence that the merits of the cause 8. have been fairly tried and determined, the judgment will not be reversed. The facts of this case show, beyond question, that appellant is not harmed, and that he could not reasonably hope for a more favorable outcome if he obtained a new trial. From the facts disclosed by the record, it is doubtful if the partnership settlement found by the court would stand if an issue was so formed as directly to assail it, and this settlement alone, so far as the record discloses, limits the recovery to the amount of the judgment rendered. *Shedd* v. *Webb* (1901), 157 Ind. 585; *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194, 206; *LaPlante* v. *State, ex rel.* (1899), 152 Ind. 80, 85; *Wortman* v. *Minich* (1901), 28 Ind. App. 31; *Orr* v. *Leathers, supra.*

There is no available error shown by the record. Judgment affirmed.