INDIANA SHOVEL AND SUPPLY COMPANY, INC. *v.* CASTILLO.

[No. 20,562. Filed March 20, 1968. Rehearing denied
May 13, 1968. Transfer denied March 11, 1969.]

*Lawrence H. Hinds,* of Indianapolis, for appellant.

*Larry J. Wallace,* of Indianapolis, for appellee.

FAULCONER, J.—The appellee filed a complaint against the appellant in two paragraphs, the first for specific performance of a written contract, and the second in replevin and damages. Appellant filed a demurrer attacking each paragraph of plain-

tiff's complaint on the grounds that the complaint does not state facts sufficient to constitute a cause of action. The court overruled the demurrer and appellant filed its answer to each paragraph of the complaint in admission and denial. In addition, the answer to Paragraph I states, "that plaintiff has not performed his contract as provided in Exhibit 'A' to Plaintiff's Complaint, has defaulted on the same and is not now in a contractual position of performing his agreement, more than three (3) years having elapsed since the time plaintiff agreed in his said contract to complete performance." In addition to its denial to Paragraph II, appellant also states that "plaintiff is not the owner of the equipment sought nor entitled to its possession."

At the close of plaintiff-appellee's evidence, in a trial to the court, appellant's motion for a finding in its favor was overruled. Appellant rested without submitting evidence and renewed its motion for a finding in its favor, which again was overruled.

The trial court made its finding for the plaintiff-appellee and entered judgment that "the agreement sued upon in plaintiff's complaint shall be fully performed and executed, that the defendant is ordered to surrender and deliver to the plaintiff possession and legal title to the property described in plaintiff's complaint, . . . and it is further ordered, . . . that the Clerk of this Court, upon the defendant showing of a receipt by the plaintiff of the aforesaid property, pay over to the defendant the sum of Five Hundred Sixty-Five Dollars ($565.00) which has been tendered to the Clerk of this Court by plaintiff."

Appellant's motion for new trial containing specifications that (1) the decision is not sustained by sufficient evidence, (2) the decision is contrary to law, (3) error in overruling appellant's motions for findings in its favor, and (4) permitting plaintiff to answer certain questions over appellant's objections, was overruled.

Appellant's assignment of errors specifies that the court erred in overruling its motion for new trial and in overruling its demurrer to appellee's complaint.

Appellant's independent assignment of error concerning the overruling of its demurrer to appellee's complaint presents nothing for review by this court under Rule 2-6, Rules of the Supreme Court, 1967 Revision. Such ruling was not made a specification in appellant's motion for new trial and is, therefore, waived. 2 F.W. & H., Ind. Tr. & App. Pract., § 2387, p. 92, (1963 P.P.) ; 3 Wiltrout, Ind. Civ. Proc. § 2387, p. 206, (1967).

In regard to the first paragraph of complaint seeking specific performance, appellant argues, under his specification that the decision is contrary to law, that appellee alleges that he has performed or is willing to perform all conditions of the written agreement by him to be performed; yet his testimony is undisputed that he owed $500 balance under the terms of the contract at the time he filed suit. Appellant also argues that the written agreement attached to the complaint stated that "title to said equipment shall not pass until payment has been made" and that appellant's evidence shows that it did not pass to the appellee because of the unpaid balance. Appellant further argues that the evidence was undisputed that appellant delivered the crane as provided in the contract, that there was no evidence that appellee acted in good faith nor that he had performed the contract in accordance with its terms, and that there is no evidence showing appellee had no adequate remedy at law or that the crane had any peculiar or unique value for which damages would be inadequate.

Appellant concludes with, "In effect, the Court changed the conditional sale, with title remaining in the Appellant, with Appellee in default of performance for more than two (2) years, into an unconditional sale, with Appellant having only an open account that it could not collect for more than

two (2) years and a finding that it wrongfully had taken the property that the court believes belonged to the Appellee. To this agreement the parties did *NOT* expressly agree on March 19, 1962 [1961]."

We are of the opinion that most, if not all, of appellant's contentions can be answered by reference to provisions of the Conditional Sales Act. While we recognize that the Conditional Sales Act has been replaced by the Uniform Commercial Code, it does, however, govern the transaction in this cause.

The Conditional Sales Act provided the legal procedure for retaking of property by seller when the buyer was in default, for disposing of the property and application of the proceeds of such sale. It further provided for redemption of the property by the buyer in default and the procedure for accomplishing it.

On March 19, 1961, appellant and appellee entered into a written agreement whereby appellant agreed to sell appellee a certain crane for which appellee agreed to pay the sum of $8,900 in the following manner: $3,900 allowed for trade-in, $1,000 cash with order, $3,000 cash on delivery and $1,000 within 60 days from delivery of the crane. It appears that said crane was delivered on March 27, 1961, upon which date appellee paid the $3,000 required by the contract and an additional $500 was paid appellant on July 16, 1962. It further appears that sometime in June, 1964, appellant retook possession of the crane notifying appellee by letter dated June 17, 1964, that "under terms and conditions of the purchase order between yourself and Indiana Shovel and Supply Co., Inc., you are in default in payment on the Hansen 254 Crawler Crane with Backhoe attachment. Because of said default we have picked up and reclaimed our property for any and all balances due."

Appellant's attorney, called as a witness for appellee, testified that he made several demands on appellee, by letter, for the balance but none after June, 1963. There was also evidence

that the notice that appellant had retaken possession of the crane was mailed the day following the repossession. It is undisputed that appellee made full payment of the price of the crane by July 16, 1962, except for $500. This latter amount, plus $65 interest, was paid into court by the appellee with the filing of its complaint which initiated this action. We, therefore, have a situation where a crane worth $8,900 is sold on conditional sales contract calling for full payment within 60 days of delivery. That full payment was made within said 60 days except the last $1,000. That the seller accepted $500 of this balance 16 months after delivery of the crane. There is no evidence that appellant at any time during the 16 months, or at any time, retook possession or attempted to enforce the contract until another 12 months elapsed after the $500 payment was accepted. It is also a fact that the last demand for payment was made one year prior to retaking by the appellant-seller.

We are of the opinion that the trial court, under the circumstances of this cause, could accomplish justice only by exercising its equity powers and granting specific performance of this contract.

> "It has been held repeatedly by our Supreme Court and by this court, that when it affirmatively appears from the record and the evidence that the merits of the cause have been fairly tried and determined, the judgment will not be reversed." *Lesh* v. *Bailey* (1912), 49 Ind. App. 254, 262, 95 N. E. 341 (transfer denied). See Also: *State, ex rel. Cicero Township* v. *Finney et al.* (1890), 125 Ind. 427, 428, 429, 25 N. E. 544. 2 I.L.E., *Appeals*, § 601, pp. 555, 556.

> The court rightly concluded from the evidence and inferences therefrom, that this personal property was unique in nature and by its general finding and judgment that appellee's remedy at law was inadequate.

Whether replevin was available to the court, as alleged in Paragraph 2 of appellee's complaint, is, in our opinion, immaterial under the circumstances.

We have reviewed the other alleged errors and find none reversible.

The trial court, in our opinion, correctly invoked its equitable powers to accomplish justice which under facts and circumstances such as in this cause should not be defeated by technicalities.

Judgment affirmed.

Carson, C. J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 867.