## GILOT v. WALSH.

[No. 20,610. Filed May 13, 1968. No petition for rehearing filed.]

*Miller, Tolbert* and *Hirschauer,* of Logansport, for appellant.
*Reed & St. Martin,* of Knox, for appellee.

CARSON, C. J.—This is an appeal from an action brought by the appellant in the Fulton Circuit Court on a complaint for an accounting and to establish an equitable lien. The complaint was based on a purported lease agreement in which appellant claims the appellee agreed to sell the appellant certain machinery located on leased premises and give appellant an undivided one-half ($\frac{1}{2}$) interest in livestock existing on the premises as of the First of July, 1961, and thereafter allow to the appellant one-half ($\frac{1}{2}$) of the income from the farm operation with a one-half ($\frac{1}{2}$) interest in the increase in the livestock herd. The complaint further alleges that the appellant worked on the farm until February of 1965, after receiving a notice to quit the premises given to him in November, 1964. The appellant's interest in the income of the farm was to be paid to the Peru Production Credit Association to pay off a mortgage.

A stipulation was entered into, showing the income and credits for the years 1962 through February of 1965, and a further stipulation of the amounts paid to the Peru Production Credit Association. The appellant contended that the amount paid in was less than it should have been and that there was money due and owing the appellant from the appellee. The issues were formed on the appellant's complaint, the appellee's denial under Rule 1-3 of the Rules of the Supreme Court of Indiana and cross-complaint. To the appellee's cross-complaint, the appellant filed answer under Rule 1-3 of the Rules of the Supreme Court of Indiana. At the close of the appellant's evidence, the appellant tendered a second paragraph of complaint on the theory of unjust enrichment and a third paragraph on the theory of money had and received. The court refused to accept for filing the second and third paragraphs of complaint.

Trial was had to the court without a jury and the finding of the court was as follows:

"This cause having been submitted to the Court for trial and the Court having heard the evidence and arguments of counsel, and being sufficiently advised in the premises, does now find for the defendant and against the plaintiff on plaintiff's complaint herein, and that the plaintiff take nothing by this action.

"The Court further finds for the plaintiff and against the defendant on defendant's cross-complaint herein, and that the defendant take nothing in this action.

"IT IS THEREFORE, ORDERED, CONSIDERED AND ADJUDGED AND DECREED BY THE COURT that the plaintiff take nothing by this action.

"IT IS FURTHER ORDERED, CONSIDERED, ADJUDGED AND DECREED by the Court that the defendant take nothing by this action."

The appellant's motion for a new trial contained two (2) specifications; one, that the decision of the court was contrary to law, and second, that the court erred in overruling appellant's motion to file during the course of the trial a second and third paragraph of complaint alleging unjust enrichment in one and the theory of money had and received. The single assignment of errors is that the court erred in overruling the appellant's motion for a new trial.

We feel it necessary to first point out that this action was one in equity rather than an action at law and that, therefore, certain rules apply with reference to discretion of the court and scope of the pleadings that would not apply if it were an action at law.

As early as 1883, our Supreme Court, in the case of *Carmichael* v. *Adams et al.* in volume 91, at page 526, quoting from 1 Pom. Eq., section 231, on equity said:

"Where a court of equity has obtained jurisdiction over some portion or feature of a controversy, it may, and will in general, proceed to decide the whole issues, and to award complete relief, although the rights of the parties are strictly legal, and the final remedy granted is of the kind which might be conferred by a court of law."

Most recently, in the case of *Watson* v. *Watson* (1952), 231 Ind. 385, 108 N. E. 2d 893, at page 394, our Supreme Court said:

"This being a suit in equity 'the whole case is drawn into equity, and any item connected with the accounting of the partnership business may properly be adjudicated.' *Lesh* v. *Bailey* (1912), 49 Ind. App. 254, 260, 95 N. E. 341.

"It is argued that appellee should file separate actions against appellants to recover her part of any advancements made from the joint fund to pay any personal obligations of Alice C. Keller and Elizabeth Watson. We are not impressed with this argument. A court of equity here had all of the parties before it for accounting purposes, and it properly determined all the rights of all the parties in one action and thereby avoided a multiplicity of suits.

. . .

This is consistent with our code and policy of law generally in all proper cases to avoid a multiplicity of actions."

See also: *Blair* v. *Smith et al.* (1887), 114 Ind. 114, 15 N. E. 817, at page 124; and, *Haas* v. *Holder, Trustee* (1940), 218 Ind. 263, 271, 32 N. E. 2d 590.

Considering the broad powers of a court sitting in equity and the fact that the court is not bound by special rules of pleading nor circumscribed with respect to the relief which the court can grant, we feel that the appellant was not harmed by the court's refusal to permit the filing of the second and third paragraphs of complaint. The court had the same evidence to consider and under the original complaint and the prayer asked for such relief that the court could have rendered any judgment consistent with the evidence. The court could have recognized the equities of the parties and adjusted those equities between the plaintiff and defendant.

The first specification of error in the motion for a new trial contends that the decision of the court was contrary to law. This calls for us to apply the rule stated in *Pokraka* v.

*Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, wherein the Supreme Court said:

> "To determine this question we will consider only the evidence most favorable to appellee, together with any reasonable inferences which may be drawn therefrom."

In this case, the record shows that all of the exhibits offered by both parties were received and admitted in evidence, that the testimony on both direct and cross-examination covered all of the elements of the operation of the farm; that the court had before it the contract of the parties; that the court had an opportunity to observe the demeanor of the witnesses, and determine the weight to be given their testimony.

A further examination of the record discloses that no request for special findings of fact were filed with the court, and the court was, therefore, left with the responsibility of rendering a general judgment. For us to say that the court, sitting in equity, did not take into consideration the necessary elements of an action not accounting, would be for us to read into the general judgment, a deficiency which is not apparent upon its face. A general judgment is presumed to be based upon findings supported by the evidence.

In our opinion, the evidence supports the judgment of the trial court and the same should be affirmed.

Judgment affirmed.

Cooper, Faulconer and Prime, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 607.