LATHIA C. KINSLOW AND MILDRED L. KINSLOW AND MILDRED L. KINSLOW, ADMINISTRATRIX OF THE ESTATE OF DONALD E. KINSLOW, DECEASED *v.* MELVIN D. COOK, M.D. AND BOARD OF TRUSTEES OF FLOYD COUNTY MEMORIAL HOSPITAL.

[No. 1-1274A184. Filed September 8, 1975.]

624

*Donald R. Forest, McDaniel, Forest, Young & McDaniel,*
New Albany; *John E. Wise,* Louisville, Kentucky, for appellants.

*Orbison, O'Connor, MacGregor & Mattox,* New Albany, for appellees.

ROBERTSON, C.J.—The plaintiff-appellant (Mrs. Kinslow) is appealing the trial court's ruling dismissing her as a plaintiff in a case arising from her sixteen year old son's death.

In view of our decision to reverse we find it necessary to discuss but one issue involving the constitutionality of that part of IC 1971, 34-1-1-8 (Burns Code Ed.) which reads:

"A father, or in case of his death, or desertion, of his family, or imprisonment, the mother, . . ., may maintain an action for the injury or death of a child; . . ."[1]

The essential facts giving rise to this appeal show that Mrs. Kinslow's son was injured in an auto accident and subsequently died.

A complaint was filed alleging that the death was the result of a physician's (defendants are collectively referred to as Cook) failure to diagnose and treat his injuries. That complaint was filed in the name of Mr. and Mrs. Kinslow as father and mother and Mrs. Kinslow as administratrix of her son's estate.[2]

A motion to dismiss was filed which, in substance, alleged no facts were pleaded to show the death, desertion, or imprisonment, of the father which would make Mrs. Kinslow eligible to bring the action. The trial court ruled against Mrs. Kinslow and entered judgment accordingly.[3]

Mrs. Kinslow contends that the statute giving preference for the cause of action to the father violates both state and federal constitutions as a denial of equal protection for there is no rational basis for the difference in treatment of a father and mother.

Cook replies that there is a rational basis for the distinction —the prevention of a double recovery (once for the father, once for the mother) and the father has the primary right to the child's services, as well as the primary duty to support.

The equal protection guarantees of both state and federal constitutions do not prohibit statutory classifications so long

1. The 1975 General Assembly amended IC 1971, 34-1-1-8 (Burns Code Ed.) to allow: "The father and mother jointly, or either of them by naming the other parent as a co-defendant to answer as to his or her interest . . . may maintain an action for the injury or death of a child."

2. Mrs. Kinslow also appealed her dismissal as administratrix. Without deciding the merits of that question we feel the law is obvious that she cannot recover as a parent *and* an administratrix. The remedies provided by IC 1971, 34-1-1-8 (Burns Code Ed.) and IC 1971, 34-1-1-2 (Burns Code Ed.) are alternative remedies. *Mayhew* v. *Burns* (1885), 103 Ind. 328, 2 N.E. 793; *Hahn* v. *Moore* (1956), 127 Ind. App. 149, 133 N.E.2d 900.

3. The judgment recited the requirements of Ind, Rules of Trial Procedure 54(B) to make it final as to Mrs. Kinslow,

as they are reasonable and not arbitrary. *Vaughan* v. *Vaughan* (1974), 161 Ind. App. 497, 316 N.E.2d 455; *Miller* v. *McDonald* (1973), 260 Ind. 565, 297 N.E.2d 826.

We would agree that preventing a double recovery for the same injury is a legitimate governmental objective, however, we believe that the difference afforded to the father and mother by IC 1971, 34-1-1-8 (Burns Code Ed.) cannot be justified upon that basis.[4] In order to withstand a constitutional challenge founded upon a denial of equal protection the statutory classification:

"... must be reasonable ... and *must rest upon some ground of difference* having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike."[5] (Emphasis added.) *Haas* v. *South Bend Community School Corp.* (1972), 259 Ind. 515, 289 N.E.2d at 495, 498.

In this case the statute makes an arbitrary choice between the mother and father in creating a cause of action for the wrongful death of their child. We do not perceive this choice as being rational or based upon "some ground of difference" between the parents or substantially related to the object of the legislation. Assuming that the objective of preventing a double recovery would be advanced by eliminating one of the potential parties from the lawsuit, we do not detect such a difference between a mother and father that the objective would be more effectively met by favoring one over the other.

We are, therefore, bound to conclude that the asserted objective of preventing a double recovery offers no justification for preferring one parent over the other in this situation.

In a similar vein, we believe that Cook's argument that the father should be the plaintiff because of his primary right to

4. The double recovery argument loses much of its vitality when one considers the ease, in most cases, with which the omitted parent can be joined as a party.

5. Quoting from *Reed* v. *Reed* (1971), 404 U.S. 71 at 76, 92 S.Ct. 251 at 254, 30 L.Ed.2d 225 at 229. *See generally: IHSAA* v. *Raike* (1975), 164 Ind.App. 169, 329 N.E.2d 66; *Stanton* v. *Stanton* (1975), 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688.

the child's services and his primary responsibility to support it does not justify the distinction drawn in the statute.

Generally speaking, Cook's proposition is true but does not take into full account judicial and legislative trends to equalize the duties and responsibilities of both husband and wife or father or mother. Two examples which demonstrate changing values in this area are *Troue* v. *Marker* (1969), 253 Ind. 284, 252 N.E.2d 800 (equality between spouses in the eyes of the law) and IC 1971, 31-1-11.5-12 (Burns Code Ed.) (equality between parents in determining support).

By stating that the father has primary rights and duties gives at least tacit recognition to the fact that secondary duties and responsibilities may exist on behalf of the mother, which could allow a portion of any damages awarded to go to her. In any event, we do not believe that Cook's argument based upon a father's primary rights and duties can be equated into the proposition that those rights and duties exist to the exclusion of the mother's rights and duties should the evidence show that the latter exists.

More importantly, however, the statute is constitutionally defective in that it arbitrarily precludes the mother (in many instances) from being able to make proof of her rights and duties insofar as the deceased child is concerned. This, we believe, is not in keeping with the overall intent of IC 1971, 34-1-1-8 (Burns Code Ed.) of creating a cause of action not known in the common law.

The fact that we find a portion of a statute unconstitutional does not void the entire statutory provision if the objectionable portion is severable from the rest. The test of severability is whether the objectionable portion can be deleted without destroying the general purpose and effectiveness of the act and whether enforcement of the remainder would be consistent with the legislative intent expressed in the statute. *In re City of Mishawaka* (1972), 259 Ind. 530, 289 N.E.2d 510; *City of Indianapolis* v. *John Clark*,

*Inc.* (1964), 245 Ind. 628, 196 N.E.2d 896; *Dorchy* v. *State of Kansas* (1924), 264 U.S. 286, 44 S.Ct. 323, 68 L.Ed. 686. As stated in *State* v. *Kuebel* (1960), 241 Ind. 268, 172 N.E.2d 45:

"[W]hether or not it [invalid portion] is severable rests ultimately upon a judicial determination of the legislative intent.

. . . .

In determining the legislative intent we may properly consider the object which the Legislature sought to accomplish, but the test of severability is whether or not the Legislature would have passed the statute had it been presented without the invalid features." 241 Ind. at 278, 172 N.E.2d at 50.

The constitutionally offensive portion of IC 1971, 34-1-1-8 (Burns Code Ed.) is the language that conditions the right of the mother to bring suit upon the contingencies of death, desertion or imprisonment of the father. By deleting the words "in case of his death, or desertion of his family or imprisonment" the remainder of the statute would give a right of action to a father or the mother and would pass constitutional objections.

The legislative intent of all of the Lord Campbell acts was to provide a cause of action not permitted by the common law. The deletion of the constitutionally offensive words may be accomplished while preserving the legislative intent.

We reverse and remand for further action consistent with this opinion.

Judgment reversed and remanded.

Garrard, J. (by designation), and Lybrook, J., concur.

NOTE.—Reported at 333 N.E.2d 819.