William RAY and Anna Ray, Appellants (Defendants Below),

v.

Herbert L. GOLDSMITH, Randall Dudley, Sr., and Susan Venable, Appellees (Plaintiffs Below).

No. 2–977A360.

Court of Appeals of Indiana, Second District.

Feb. 6, 1980.

56(3)

Frank E. Spencer, Indianapolis, for appellants.

Alan H. Cohen, John H. Caress, Indianapolis, for appellees.

SHIELDS, Judge.

Herbert Goldsmith, as parent of Herbert Goldsmith, Jr., and Randall Dudley and Susan Venable, as parents of Randall Dudley, Jr.,[1] brought separate actions under IC 1971, 34–1–1–8 (Burns Code Ed.),[2] for the wrongful death of their respective children. The two actions were consolidated in a trial to the court where judgment was entered for Appellees in the amount of $15,000 for the death of each child against William and Anna Ray who bring this appeal.

Appellants argue there was insufficient evidence to warrant judgment for Appellees on either of the theories they advanced: attractive nuisance or statutory negligence.[3]

We affirm.

No request was made for findings of fact or conclusions of law and the trial court made none. Where no findings are made the general judgment entered by the trial court is presumed to be based upon findings supported by the evidence, *Gilot v. Walsh*, (1968) 142 Ind.App. 628, 236 N.E.2d 607, and, if the action of the trial court is sustainable on any theory, it must be af-firmed. *Indiana & Michigan Electric Company v. Schnuck*, (1973) 260 Ind. 632, 298 N.E.2d 436. Further, it is well settled this court will not weigh conflicting evidence nor resolve questions concerning the credibility of witnesses. We may consider only that evidence most favorable to the prevailing party, together with all reasonable inferences to be drawn, and if from that viewpoint there is evidence of probative value to sustain the judgment of the trial court, that judgment will not be disturbed. *Foreman v. State ex rel. Dept. of Natural Resources*, (1979) Ind.App., 387 N.E.2d 455.

The facts most favorable to the judgment are as follows:

At approximately 7:30 P.M., June 29, 1973, Herbert Goldsmith, residing at 1133 South Harlan Street, Indianapolis, called the Indianapolis Police Department to report that his son, Herbert Goldsmith, Jr., was missing. A search of the neighborhood commenced immediately and the police were soon aided by the Civil Defense. During the search John Wegner of the Civil Defense entered a garage located in the rear of 1117 South Harlan Street. The front door was open and "no boards or anything" were on the entrance to inhibit entry. Inside the garage Wegner searched three unplugged refrigerators. The first two were empty but the third contained the bodies of the Goldsmith boy and Randall Dudley, Jr. Dudley had been staying the week at Appellee Venable's mother's house on 1125 South Harlan. The two boys, age eight and five respectively, died of asphyxi-

1. While either parent may file an action under IC 1971, 34–1–1–8 [*See Kinslow v. Cook*, (1975) 165 Ind.App. 623, 333 N.E.2d 819], Appellees Venable and Dudley do not raise the issue as to whose benefit any recovery inures, especially where, as here, the parents of the deceased child were never married to each other.

2. 34–1–1–8 Action for injury or death of child. —A father, or in case of his death, or desertion of his family, or imprisonment, the mother, or in case of divorce the person to whom custody of the child was awarded, may maintain an action for the injury or death of a child; and a guardian may maintain such action for the injury or death of his ward; in case of death of the person to whom custody of the child was awarded, a guardian shall be appointed to maintain an action for the injury or death of his ward. But when the action is brought by the guardian for an injury to his ward, the damages shall inure to the benefit of his ward.

This section has been amended. For the present law *see* IC 1971, 34–1–1–8 (Burns Code Ed., Supp.1978).

3. Appellants also argue the $15,000 judgments improperly included, to some extent, punitive damages. However, this issue was not properly preserved by inclusion in the motion to correct error, and it is therefore waived on appeal. Ind.Rules of Procedure, Trial Rule 59(G); *City of Fort Wayne v. Bentley*, (1979) Ind.App., 390 N.E.2d 1096.

ation. The doors on the refrigerators were intact and all three had workable latches on them.

The property at 1117 South Harlan, consisting of a house, garage and yard, belonged to Anna Ray and her brother and three sisters. However, Anna Ray was the only owner exercising control over the property. At the time the house was leased but the garage was in the control of Appellants and used primarily for the storage of maintenance equipment for the property. William Ray had knowledge of the stored refrigerators and Anna Ray, through her entrusting of the inspection and maintenance of the property to her husband, had at least constructive knowledge of the stored refrigerators.

We hold there was sufficient evidence to warrant a finding of negligence *per se* as a result of Appellants' violation of a municipal ordinance [4] and that the violation proximately caused the deaths of the two children. In upholding the judgment, we must address three contentions advanced by Appellants:

(1) whether a violation of the ordinance at issue is negligence *per se* ;

(2) whether the ordinance was violated;

(3) whether, if the ordinance was violated, the violation was the proximate cause of the deaths of the two children.

### (1) *Whether a Violation of the Ordinance at Issue is Negligence Per Se*

■ In Indiana a non-excused or non-justified violation of a duty prescribed by statute or ordinance is negligence *per se*.

*New York Central Railroad Company v. Glad*, (1962) 242 Ind. 450, 179 N.E.2d 571; *Blankenship v. Huesman*, (1977) Ind.App., 362 N.E.2d 850; *Pontious v. Littleton*, (1970) 146 Ind.App. 369, 255 N.E.2d 684. Here, there is no evidence of excuse nor justification nor do Rays so argue. For such a violation of a statute or ordinance to be held as negligence *per se* it must be determined if the statute is applicable, that is, whether it was designed to protect the class of persons in which the plaintiff is included against the risk of the type of harm which has in fact occurred as a result of its violation. W. Prosser, Law of Torts, p. 200, § 36 (4th ed. 1971); *see Larkins v. Kohlmeyer*, (1951), 229 Ind. 391, 98 N.E.2d 896.

The ordinance is clearly designed to protect the class of persons in which appellees' children, ages five and eight, are included. The ordinance seeks to regulate storage of abandoned refrigerators that are "accessible to children." That the ordinance is a safety measure designed to protect children is clear.

### (2) *Whether the Ordinance was Violated*

■ Appellants next argue the ordinance was not violated because the refrigerators were not "accessible to children." While there is some evidence regarding William Ray's efforts to secure the garage in which the refrigerators were stored, there is also evidence that children used the garage to play "hide and seek." Further, John Wegner of the Civil Defense stated there were no boards or barriers to prohibit entry to the garage. This is sufficient evidence for the factfinder to determine the refrigera-

---

4. The municipal ordinance at issue, Indianapolis, Ind., Code § 10–1024 (1953), reads as follows:

Abandoned Refrigerators. (1) It shall be unlawful for any person, firm or corporation to store, place or permit any discarded, abandoned or unused icebox or refrigerator, or deep freeze, or similar container of an airtight character, in any place where same is accessible to children, without first removing and rendering completely inoperable all automatic catches or locks on the exterior of all doors thereof, so as to prevent any person or child from becoming imprisoned therein. (2)

This section shall not apply to the delivery, transfer or removal of any such icebox, refrigerator, deep freeze or container, from one location to another while in transit, providing said icebox, refrigerator or container shall not be left unattended for longer than fifteen minutes at any one time, and shall be checked for the presence of persons or children therein. (3) Any person, firm or corporation convicted of violating any provision of this section shall be fined not more than $100.00 for each such offense, to which may be added imprisonment not exceeding thirty days or both.

tors were accessible to children, thus violating the ordinance.

(3) *Whether, if the Ordinance Was Violated, the Violation Was the Proximate Cause of the Deaths of the Two Children*

■ Lastly Appellants argue that, even if the ordinance was violated, the violation was not the proximate cause of the deaths of the two children. It is true that negligence *per se* does not mean liability *per se*, that is, a violation of a statutory duty is not actionable negligence unless it was also the proximate cause of the injury. *Conrad v. Tomlinson*, (1972) 258 Ind. 115, 279 N.E.2d 546.

Here, where there is a finding defendants have violated a statutory duty, and considering the boys' young ages, the use of the garage as a play area by neighborhood children, the stipulated cause of death (asphyxiation), the lack of any violent injury on the boys' bodies, the workable latch on the refrigerator, operable only from the outside, we believe the factfinder could reasonably infer the injury was foreseeable and would not have occurred had appellants observed the requirements of the statute. Thus, we hold the factfinder could reasonably conclude appellants' failure to observe such requirements was a substantial factor in producing the injury and, thus, was the proximate cause of the injury. *See New York Central Railroad Company v. Glad*, (1962) 242 Ind. 450, 179 N.E.2d 571.

Judgment affirmed.

SULLIVAN, J., concurs.

MILLER, P. J., sitting by designation, concurs.